ELISHA N. INGRAM *vs.* WALTER D. COWLES & another.

Franklin.     September 18, 1889. — November 26, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Tax — Personal Property — Non-resident — Collection — Payment
under Protest.*

A portable steam saw-mill temporarily located in a town on the first day of May is not taxable there as "machinery employed in any branch of manufactures" and "situated or employed" there, within the meaning of the Pub. Sts. c. 11, § 20, cl. 2; nor can its product in timber and sawed lumber be taxed there if the owner's temporary occupancy of land with the saw-mill is the only evidence that he there occupied a manufactory, store, shop, or wharf, as required by cl. 1.

CONTRACT to recover the amount of a tax assessed upon personal property of the defendants for the year 1886.     The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, in substance as follows.

The plaintiff was the collector of taxes in the town of Leverett for that year.     The defendants, who were copartners in business and residents and tax-payers in the town of Amherst, where their office and principal place of business was located, were in the same year assessed in Leverett, as non-residents, a tax upon real estate in that town, and also a tax upon the personal property in question, to the amount of $45.09.

The tax in question was assessed upon a steam saw-mill, and upon timber and sawed lumber, the property of the defendants, and in Leverett on May 1, 1886.     The steam saw-mill was a portable one, moved from Orange to Leverett in March, 1886, and purchased by the defendants in April of that year.     During the months of April and May, 1886, the mill was used by the

defendants in Leverett in sawing their logs into boards, for sale at the mill and otherwise. In June, 1886, it was moved into Amherst and there used for the same purpose until November, and was then moved to a different place in Leverett and there used till June, 1887, when it was removed to a new location in Amherst. The mill was each time located and used in an open field. A roof of rough boards upon poles supported by posts set in the ground was put over it as a protection from the weather. The carriage and boiler were both set on wooden blocks to make them firm. The work of removal was accomplished each time by four men, with teams, in about two days. The same personal property was in the same year assessed to the defendants in Amherst.

The defendants paid the tax on the real estate, but refused to pay that upon the personal property in question, although the plaintiff duly demanded it, and it still remains unpaid.

If, upon these facts, or upon such as were competent and material, the plaintiff was entitled to recover, judgment was to be entered for the plaintiff for the sum of $45.09, and interest from September 1, 1886 ; otherwise, judgment for the defendants.

*S. O. Lamb*, for the plaintiff.

*J. C. Hammond & H. P. Field*, for the defendants.

HOLMES, J. The plaintiff does not bring the taxed property within the exceptions made in the Pub. Sts. c. 11, § 20, cls. 1, 2, to the general rule that property is to be assessed to the owner in the city or town where he is an inhabitant on the first day of May.

The saw-mill is not " machinery employed in any branch of manufactures " and " situated or employed " in Leverett, within the meaning of cl. 2. It is settled that the purpose of the requirements of the first clause " is, that the business shall be an established and not a transient one; that it shall have a local habitation in a town other than where the owner dwells." *Boston Loan Co.* v. *Boston*, 137 Mass. 332, 336. *Hittinger* v. *Westford*, 135 Mass. 258, 261. *Stinson* v. *Boston*, 125 Mass. 348, 351. *Huckins* v. *Boston*, 4 Cush. 543. See *Hittinger* v. *Boston*, 139 Mass. 17. We think that this principle has some application to the second clause also, although it is to be drawn

from different words, and that machinery cannot be said to be "situated or employed" in a place merely because it is temporarily in use there on the first day of May. The saw-mill in question was portable personal property, which had been moved from another town into Leverett in March, which in June was moved to a third town, and which has continued its migrations since that time.

Furthermore, we hesitate to say that sawing logs into boards is a "branch of manufactures," and think it doubtful whether something more of a transformation of the raw material is not necessary to bring the employment within the clause. *Hittinger* v. *Westford*, 135 Mass. 258, 262.

The timber and sawed lumber do not fall within the first clause, because, so far as appears, the owners had no such occupation of a manufactory, store, shop, or wharf in Leverett as the clause requires. They may have been mere licensees in the temporary use of the land on which the saw-mill stood. *Stinson* v. *Boston*, and other cases, *ubi supra*. Again, it is not contended that the saw-mill was a store or shop. *Boston Loan Co.* v. *Boston*, and *Hittinger* v. *Westford*, *ubi supra*. And it would be a shade more difficult to call it a manufactory than to call it machinery employed in a branch of manufacture.

As the whole tax on the personal property was unauthorized and void, the plaintiff cannot recover. There is no ground for requiring the defendants to pay under protest, and then to sue. The fact that there was a valid tax on real estate is immaterial. A tax on real estate is regarded as a separate and distinct tax. *Preston* v. *Boston*, 12 Pick. 7. *Hicks* v. *Westport*, 130 Mass. 478, 479.

<em>Judgment for the defendants.</em>