## GENERAL MOTORS ACCEPTANCE CORPORATION v. BODDEKER. (No. 8704.)

(Court of Civil Appeals of Texas. Galveston. June 25, 1925.)

**1. Bankruptcy ⊚⇒259—Trustee in bankruptcy held entitled to sell and transfer his interest as such in automobile not in possession of bankruptcy court.**

Trustee in bankruptcy *held* entitled to sell and transfer his interest as such in automobile, even though it was not within possession of bankruptcy court.

**2. Bankruptcy ⊚⇒268 — Proceedings in bankruptcy, showing acquisition of title to car, held admissible in suit to establish right to proceeds deposited in registry of court.**

In a suit to establish intervener's right to proceeds of car deposited in registry of court, proceedings in bankruptcy court showing intervener acquired such title to the car as the trustee in bankruptcy had, *held* admissible in support of his claim to the proceeds.

**3. Chattel mortgages ⊚⇒188(2)—Automobiles held "stocks of merchandise" within statute voiding mortgages on merchandise daily exposed for sale in parcels at retail.**

Automobiles *held* "stocks of merchandise" within Rev. St. art. 3970, voiding chattel mortgages on stocks of merchandise daily exposed for sale in parcels at retail.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Stock of Merchandise.]

**4. Chattel mortgages ⊚⇒188(2) — "Trust receipt" executed by retail dealer of automobiles to seller, against automobile not paid for, held void as "chattel mortgage" on stock of merchandise.**

"Trust receipt" executed by retail dealer in automobiles to seller, against automobile not paid for, reserving title to such seller, *held* void under Rev. St. art. 3970, as a "chattel mortgage" on a stock of merchandise daily exposed for sale in parcels at retail.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Chattel Mortgage.]

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Bankruptcy ⊙⟞184(2)—Reservation of title, executed by retail dealer of cars to seller, not placed on record before filing of dealer's petition in bankruptcy, held void.**

Reservation of title, executed by retail dealer of cars to seller, not placed on record before filing of dealer's petition in bankruptcy, *held* void, especially in view of amendment of 1910 to the Bankruptcy Act.

**6. Bankruptcy ⊙⟞196—Lien or claim acquired by seller of automobiles against retailer, by judicial sale before dealer's adjudication of bankruptcy, held void.**

Lien or claim acquired by seller of automobiles against retailer, by judicial sale a few days before dealer's adjudication of bankruptcy, *held* void under Bankruptcy Act, § 67, subd. (f), being U. S. Comp. St. § 9651.

**7. Bankruptcy ⊙⟞151—Trustee in bankruptcy succeeded to bankrupt's right of possession to its automobile taken before adjudication of bankruptcy, with additional rights under 1910 amendment to Bankruptcy Act.**

Trustee in bankruptcy succeeded to bankrupt's right of possession to its automobile taken few days before adjudication of bankruptcy, with additional rights under 1910 amendment to Bankruptcy Act.

**8. Bankruptcy ⊙⟞268 — Party succeeding to right of trustee in bankruptcy to possession of automobile held entitled to possession against one not showing superior title.**

Party succeeding to right of trustee in bankruptcy to possession of automobile *held* entitled to its possession against one not showing superior title.

**9. Chattel mortgages ⊙⟞188(2)—Sale of car to retailer, reserving void trust receipt, effected transfer of title as well as possession of car to retailer.**

Sale of car to retailer, reserving trust receipt absolutely void under statute, Rev. St. art. 3970, effected a transfer of title as well as possession of the car to retailer.

Appeal from District Court, Galveston County; Robt. G. Street, Judge.

Suit by the Galveston Auto Sales Company against the Day-Barr Motor Company, in which the General Motors Acceptance Corporation became a party, as did L. E. Boddeker, as intervener; the Galveston Auto Sales Company subsequently being dismissed from the suit. Judgment for intervener, and General Motors Acceptance Corporation appeals. Affirmed.

Thomas, Frank, Milam & Touchstone, of Dallas, and H. H. Treaccar and D. J. Wilson, both of Galveston, for appellant.

O. G. Dibrell and McDonald & Wayman, all of Galveston, for appellee.

GRAVES, J. With only slight interlineation, this statement from appellee's brief is quoted as correctly reflecting the status of this cause as it comes here:

"On August 9, 1922, Day-Barr Motor Company, retail dealers in automobiles, took up a draft with bill of lading attached, covering amongst others the automobile in question. This bill of lading was sent by General Motors Acceptance Corporation, appellant, to Hutchings, Sealy & Co., bankers, for delivery upon the payment of the draft, covering only a part of the purchase price, and the execution of a note and trust receipt, so called, to be held by the bank for collection. It was contemplated that as each car was sold payments would be made to the bank and the car released from the trust receipt. The trust receipt appears in the statement of facts. On the same day Boddeker, appellee, loaned to Day-Barr Motor Company, $1,500 to take up the bill of lading covering the car in question and two others. Day-Barr Motor Company contemporaneously gave Boddeker also a trust receipt, and in addition a combined note and pledge contract or mortgage; the purpose of the instruments being to vest the title of the cars in Boddeker until they repaid the loan. Boddeker thought at the time that he had the only claim on these cars, and did not know of appellant's trust receipt until the cars were seized in December, 1922.

"It was contemplated by all parties at the time the cars were delivered to Day-Barr Motor Company on August 9, 1922, that they would, as retail dealers in automobiles and accessories, immediately expose them to daily sale at retail as part of their stock of merchandise, and they did so. Two of the cars covered by Boddeker's papers were sold, and the proceeds misappropriated. Appellant did not file its trust receipt for record, but Boddeker filed his pledge contract or mortgage on November 28, 1922.

"On December 6, 1922, Galveston Auto Sales Company sued Day-Barr Motor Company on a rent claim in a justice court and issued a distress warrant, under which the automobile in question, with others, was seized. On December 9, 1922, General Motors Acceptance Corporation presented the constable with a claimant's oath and bond under the statutes covering 'trial of right of property.' Because of the amount involved, the proceeding was then filed in the district court on December 18, 1922. The automobile in question was sold, and the proceeds deposited in the registry of the court; the fund constituting the subject-matter of this suit. Galveston Auto Sales Company was dismissed from the suit.

"Day-Barr Motor Company was adjudged bankrupt by the United States District Court at Galveston, on December 14, 1922, but the record does not show whether on a voluntary or involuntary petition. They had evidently been insolvent for some time, as their attorney, Mr. John T. Wheeler said: 'The Day-Barr Motor bankruptcy matter was quite a complicated transaction, which was precipitated by the filing of the distress warrant by Mr. Jockusch. They were indebted to a great many people; they had conducted their business in a loose manner, and I was very much disturbed for fear of criminal prosecution.' Mr. Boddeker, the attorney representing appellant, had beaten intervener Boddeker to the seizure of the car in question 'by about 15 minutes.' Bod-

deker filed his claim in the bankruptcy court, and there acquired all of the right, title, and interest of the estate of Day-Barr Motor Company in and to the car at the agreed value of $500, which was credited on his claim.

"Appellant in its pleading claimed the proceeds of the cars under its trust receipt. Boddeker, intervener, claimed under the papers mentioned above, and also set up the right, title, and interest in the car that he acquired from T. J. Holbrook as trustee in bankruptcy of Day-Barr Motor Company. ، In a supplemental pleading Boddeker alleged that appellant's 'trust receipt' was void, because an attempt to create a lien on a stock of merchandise daily exposed to sale, contrary to R. S. art. 3970. The trial court gave judgment in favor of Boddeker."

**[1-8]** The contentions of appellant for reversal are also satisfactorily answered by the appellee, and we take the liberty of adopting this much of his argument in reply as expressive of our own conclusions:

"Appellant's propositions are the assignments of error. The first is that there was error in overruling a general demurrer to intervener's petition. There is nothing in the record to show that the general demurrer was ever called to the trial court's attention, or any action taken thereon. The second assignment questions the action of the trial court in admitting in evidence the proceedings in the bankruptcy court, showing that the title of the trustee in bankruptcy to the car was sold and transferred to Boddeker. The third and fourth assignments question the validity of the referee's order conveying and transferring title to the car to Boddeker, on the ground that the property was not within the jurisdiction of the bankruptcy court; the idea apparently being that the trustee should have brought a plenary suit. In other words, assignments 2, 3, and 4 question the validity of the bankruptcy court's orders. We submit that appellant has not correctly construed the referee's action.

"Undoubtedly, the car in question belonged to Day-Barr Motor Company, subject to the liens or claims asserted by appellant and appellee. It was taken from the possession of the motor company only a few days before they were adjudged bankrupt. The trustee in bankruptcy undoubtedly succeeded to their right, title, and interest in the car. Boddeker filed his claim in the bankruptcy court, setting up his chattel mortgage and trust receipt, and then, pursuant to section 57, subd. (h), of the Bankruptcy Act (U. S. Comp. St. § 9641), agreed with Holbrook, trustee of the estate, to credit his claim with $500, in consideration of the conveyance by the trustee of his right, title, and interest in the car to Boddeker. Holbrook, trustee, reported this agreement to the bankruptcy court, which was confirmed by Judge Wm. B. Lockhart, referee, and Holbrook, trustee, directed to convey to Boddeker all of the estate's right, title, and interest in the car, which he accordingly did. These proceedings merely mean that Boddeker acquired such title as the trustee had in bankruptcy. They were admissible in evidence for the purpose of showing that Boddeker acquired such title. The trustee had the right to sell and transfer his interest in the car, even though it was not within the possession of the bankruptcy court. There was no actual sale of the car itself; there was merely an assignment or transfer of the right, title, and interest of the estate in and to the car.

"The title acquired by Boddeker from the trustee should prevail, as against appellant's claim for two reasons:

"(a) Appellant's so-called 'trust receipt' is, when we look at the substance of things and not the form (In re Bettman-Johnson, 250 F. 657, 163 C. C. A. 3), nothing but a chattel mortgage on a stock of merchandise daily exposed for sale in parcels at retail, and void under R. S. art. 3970. Automobiles are stocks of merchandise within this article. First Nat. Bank v. Thompson (Tex. Com. App.) 265 S. W. 884. But, if it can be classed as a 'reservation of title' and not a chattel mortgage, it is still void because never placed of record before the petition in bankruptcy was filed. Park v. South Bend Chilled Plow Co. (Tex. Civ. App.) 199 S. W. 843; In re Raney (D. C.) 202 F. 1003. And especially is this true since the 1910 amendment to the Bankruptcy Act, as is pointed out by the trial court. Fairbanks v. Wills, 240 U. S. 642, 36 S. Ct. 466, 60 L. Ed. 841; In re Mutual Motors (D. C.) 260 F. 841; Potter v. Arthur, 220 F. 843, 136 C. C. A. 589, Ann. Cas. 1916A, 1268.

"(b) Appellant can get no comfort out of the lien or claim it acquired by the judicial seizure, because, under section 67, subd. (f). of the Bankruptcy Act (U. S. Comp. St. § 9651) it is void. In re Petersen, 200 F. 739, 119 C. C. A. 183; Collier on Bankruptcy (13th Ed.) p. 1509.

\*   \*   \*   \*   \*   \*   \*

"The automobile in question was taken from the possession of Day-Barr Motor Company a few days prior to their being adjudged bankrupts. Their trustee in bankruptcy succeeded to their right of possession with additional rights under the 1910 amendment (36 Stat. 838) to the Bankruptcy Act. Boddeker acquired those rights. Consequently he had the right of possession unless appellant could show a superior and valid title."

**[9]** We may add that in our opinion, when appellant, on August 8, 1922, sold the automobile to the Day-Barr Company, merely reserving this "trust receipt," which was absolutely void under our statute, not only the right of possession but the title to the property passed to that concern, and in turn both went to its trustee when it became bankrupt. He then had the right to transfer them to the appellee.

Pursuant to these conclusions, the trial court's judgment will be affirmed.

Affirmed.