### LOGAN et al. v. LUDWICK. (No. 11386.)

(Court of Civil Appeals of Texas. Fort Worth. Feb. 6, 1926. Rehearing Denied March 20, 1926.)

**1. Liens ⬉⬌22—Bailee of oiler and asphalt spreader held to have such interest therein as to make him proper defendant in suit to foreclose lien.**

One having possession of oiler and asphalt spreader, under contract permitting him to use it, *held* to have such interest therein as to make him proper defendant in suit to foreclose lien thereon.

**2. Parties ⬉⬌25.**

Generally, all persons interested in the object and purpose of the suit or to be affected by judgment ought, if known, to be made parties.

**3. Parties ⬉⬌25.**

It is sufficient to constitute a person a proper or necessary party that he have enforceable interest in the subject-matter.

**4. Venue ⬉⬌22(3)—Court, having acquired jurisdiction under exception to venue statute, retains it despite discharge of resident defendant, in absence of plea that allegations of petition showing jurisdiction were fraudulent (Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 4).**

Where defendant of county of venue was a necessary or proper party at institution of suit to foreclose lien on asphalt spreader, though he disclaimed and was discharged after his interest ended, court, having originally acquired jurisdiction under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 4, would retain it, in absence of plea that allegations of petition showing jurisdiction were fraudulent.

**5. Venue ⬉⬌6—Oiler and asphalt spreader held "situated" in county where it was being used (Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 12, and article 7510).**

Oiler and asphalt spreader, owned by resident of Dallas county, but turned over to another for use in Denton county, and used there for some time, *held,* in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 7510, to have been "situated" in Denton county within article 1830, subd. 12, providing that suit to foreclose lien may be brought in county where property is "situated" (quoting Words and Phrases, "Situated").

**6. Pleading ⬉⬌252(1)—No surprise being suggested, court was empowered to permit amendment relating back to time of filing original petition (District Court rule 14).**

No surprise being suggested, court was empowered, under District Court rule 14, to permit amendment relating back to time of filing of original petition, especially where pleas of privilege and controverting affidavit presented the issue covered by the amendment.

Appeal from District Court, Denton County; C. R. Pearman, Judge.

Suit by Frank M. Ludwick against Charles E. Logan and others. From a judgment overruling their pleas of privilege, defendants Logan appeal. Affirmed.

William H. Flippen, John T. Gano, and John W. Miller, all of Dallas, for appellants.

Geo. M. Hopkins, Brent C. Jackson, and Walter A. Koons, all of Denton, for appellee.

CONNER, C. J. This suit was instituted by the appellee, Frank M. Ludwick, in the district court of Denton county, on the 22d day of July, 1924, against Chas. E. Logan, Deane Logan, and W. L. Brock, and the Ætna Casualty & Surety Company, to recover upon a promissory note alleged to have been executed by Chas. E. Logan as a part of the purchase price for "1 high pressure combination oiler, tar and asphalt spreader, complete with all appurtenances,

---

⬉⬌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

mounted upon Kelly-Springfield chassis No. 50101." The note was in the sum of $4,000, and to secure which the plaintiff sought to foreclose a lien upon the property above described. The defendant Brock was 'made a party defendant upon allegations that he was a resident of Denton county, and that he was "holding the personal property hereinbefore described under some sort of lease or contract with the defendant Chas. E. Logan, and the plaintiff avers that whatever right of claim the defendant W. L. Brock has in and to said personal property is inferior and second to the lien owned by plaintiff."

The allegations upon which the Ætna Casualty & Surety Company was made a party need not be noticed, inasmuch as that company was later discharged by the court, and plaintiff has made no complaint of that action.

Chas. E. Logan and Deane Logan were alleged to be transient persons. On July 25, 1924, the defendant Brock filed a disclaimer, alleging that—

"He did not have, at the time this suit was filed any such' right, title, or interest in the property described in plaintiff's petition, nor has he now, and that neither at said time nor now does he make any claim or demand regarding the same; that such facts were known to plaintiff's attorney at the time this suit was filed or by the use of reasonable diligence would have been known to said attorneys."

On October 27, 1924, Chas. E. Logan and Deane Logan separately filed pleas of privilege to be sued in Dallas county, where it was alleged these parties were residents at the time the suit was instituted, and at the time of the filing of the pleas. It was alleged that none of the exceptions to exclusive venue in the county of one's residence mentioned in article 1830 or article 2308, V. S. Statutes, existed, and that the suit did not come within any of the exceptions provided by law in authorizing this suit to be brought or maintained in the county of Denton. On November 1, 1924, the appellee filed a controverting affidavit, in which it was alleged that the cause came within the exception to the general law of venue in the county of one's residence, contained in subdivision 4 of article 1830, V. S. Statutes, which provides that, where there are two or more defendants residing in different counties, the suit may be brought in any county where any one of the defendants reside.

It was further alleged that the cause came within subdivision 12 of article 1830, which provides that, where the suit is for the foreclosure of a mortgage or other lien it may be brought in the county in which the property subject to the lien is situated, and it was alleged that the property upon which the plaintiff sought to foreclose his lien was situated in Denton county at the time the suit was instituted, and was in the possession of W. L. Brock, the defendant who resided in Denton county. The plaintiff, also having obtained leave of the court, filed his first amended original petition, in which for the first time he alleged that the personal property upon which he sought to foreclose his lien was "situated in Denton county."

Upon the state of the pleadings as thus indicated the court, on the 15th day of November, 1924, proceeded to hear the disclaimer of the defendant Brock and the plea in abatement of the Ætna Casualty & Surety Company and the pleas of privilege of the defendants Chas. E. Logan and Deane Logan. Upon the conclusion of the hearing the court sustained the disclaimer of the defendant Brock and the plea in abatement of the insurance company, and these two parties were discharged with their costs. The pleas of privilege, however, by the Logans, were overruled, to which ruling these defendants excepted and have duly appealed from that judgment.

We have before us a statement of the facts heard by the trial court, and, as we view the record, the question presented for our determination is whether the judgment of the court can be sustained on the theory that plaintiffs' case has been brought within the purview of either exception 4 or exception 12 to article 1830, V. S. Statutes, under which the trial below proceeded.

Article 1830 reads:

"No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases, to wit."

Exception 4, so far as pertinent, reads:

"Where there are two or more defendants residing in different counties, in' which case the suit may be brought in any county where any one of the defendants reside."

Exception 12 reads:

"Where the suit is for the foreclosure of a mortgage or other lien, in which case suit may be brought in the county in which the property subject to such lien, or a portion thereof, may be situated."

The evidence shows that the defendant Brock had a contract with the city of Denton, in Denton county, to construct or repair certain streets of the city; that, not having the machinery and equipment necessary to do the work, he, on the 26th day of March, 1924, entered into a contract with Deane Logan, under the terms of which the original contract with the city was assigned to Logan, but the machinery and equipment in question was delivered to Brock "to be handled" as if same were his own property," and to receive a fee, commission, or profit of 1 cent per gallon, plus a salary of $6 per day for each working day for the superintending and directing the application of said oil and asphalt," as provided in the contract with the city. Brock testified to the effect that a few

days after the execution of that contract he brought the machinery to Denton, and had it in that city at the time it was sequestered by the plaintiff. He testified:

"After I brought that machine up here I had complete charge of it. I kept it here in storage. · I had the right to use that machine just like I would have had had it been my own. I had a right to use that machine until I completed what I had contracted to do in Denton. I think I finished that contract along the latter part of July; think I finished it right about July 26th. I turned it in about the 26th of July."

He further testified that the contract between the city of Denton and himself covered about 1,600 feet of work on South Locust street, and about the same on North Locust street, and, in addition to this, there were two blocks on West Sycamore street, and he did some work also with the equipment for a Mr. Jagoe. He further testified that he did not know who prepared the disclaimer that he signed; that Deane Logan "brought it to me and asked me to sign it."

Mr. George M. Hopkins, among other things, testified that the machinery in question had been in Denton from some time in May, 1924, until it was levied upon under a writ of sequestration and attachment issued in this case, and it was there at the time it was replevied; that "Mr. W. L. Brock had charge of it at that time, and we made him a defendant to the suit, and he had been using it the day it was levied on."

[1-3] We think the evidence is fairly susceptible of the construction that, under the terms of the written contract between the defendant Brock and Deane Logan, Brock had such an interest in or right to the possession and use of the machinery and equipment upon which plaintiff sought to foreclose its lien as to make him at least a proper party defendant at the institution of plaintiff's suit on July 22, 1924. The general rule is well established that all persons interested in the object and purpose of the suit or to be affected in any way by the decree or judgment sought to be obtained ought, if known, to be made parties. See Hall v. Hall, 11 Tex. 526, where it is expressly held that subsequent purchasers and mortgagees of personal property who are in possession of the property are necessary parties to an action to foreclose a prior mortgage.

In Carter v. Attoway, 46 Tex. 108, it was held that, in a suit to enforce a vendor's lien, a subsequent vendee, in possession, and claiming under a recorded deed, is a necessary party. Many other illustrations might be given. It is not necessary that there should be an identity of interest. It is sufficient in order to constitute a person a proper or necessary party that he have some enforceable interest in the subject-matter. See Teas v. McDonald, 13 Tex. 349, 65 Am. Dec. 65.

[4, 5] The written contract between Brock and Deane Logan, as interpreted by the testimony of Brock, would seem at least to vest in Brock a right to the use and possession of the property during the continuance and performance of the contract with the city of Denton for street improvements. It will be noted that Brock took possession of the property and began its use about the 24th day of May, 1924, and so continued in possession until July 27, 1924, several days after the plaintiff had instituted his suit. If Brock, at the institution of plaintiff's suit, was a necessary or even a proper party, as we think he was, it would be immaterial that he was permitted to disclaim and be discharged upon the date of the trial of the pleas of privilege, his interest or right, such as it was, having at that time ended, for the court, having originally acquired jurisdiction under exception 4 of article 1830, would retain that jurisdiction throughout, in the absence of a plea that the allegations of the plaintiff's petition showing jurisdiction had been fraudulently made, and there was no such plea. Brooks v. Chatham, 57 Tex. 31; Ablowich v. National Bank, 67 S. W. 79, 881, 95 Tex. 429; Ry. Co. v. Grayson Co. Natl. Bank, 93 S. W. 431, 100 Tex. 17; Ogburn-Dalchau Lumber Co. v. Taylor, 126 S. W. 48, 59 Tex. Civ. App. 442. On the presentation of this case in this court, however, appellants seem not to have attached any importance to the fact that Brock may have been a proper party defendant at the time of the institution of the plaintiff's suit. Their principal insistence is' that the personal property in controversy was not situated in Denton county at the time of the institution of plaintiff's suit within the meaning of exception 12 to article 1830, which exception we have quoted above, and hence it becomes necessary, or at least proper, that we consider the question so presented.

Counsel for both sides freely confess that they have been unable to find any Texas authority closely in point. The appellee cites the case of Barcus.v. Case Threshing & Machine Co. (Tex. Civ. App.) 197 S. W. 478. It appears that that was an action on notes and to foreclose a chattel mortgage securing them brought in a county in which no one of the defendants resided and in which the defendants presented a plea of privilege to be sued in the county of their residence. The court held that the suit was properly brought in the county in which part of the mortgaged property was situated, irrespective of the residence of the parties, citing subdivision 12 of article 1830. The case, however, fails to disclose the circumstances upon which the court based its conclusion that the property was situated in the county of the suit.

Appellants cite the case of Callender Navigation Co. v. Pomeroy, 122 P. 758, 61 Or. 343. In that case the court was called upon to determine the situation of certain steam vessels employed in interstate commerce between the

states of Washington and Oregon. It was held that the situation of the steam vessels was in the state of the owner's residence. It appeared in the case that the boats were owned by a Washington corporation engaged in interstate commerce between Washington and Oregon, but were never permanently away from Washington, returning to that state every few days. It was held that their "situs" for the purpose of taxation was in Washington, and that their listing for taxation in Oregon, even for the number of days actually present therein, would be improper. In the course of the opinion the court said:

" 'Situs' or situation imports fixedness of location. In its natural signification the term is applicable only to landed estates which are really fixed and immovable. Conventionally it is applied to personal property as annexing it to the individual to whom it belongs, its situation being primarily, in legal contemplation, where the owner happens to be at any time. It is the exception that personal property has any other situs than that of the person of its owner. The general rule has long been settled, as to vessels plying between the ports of different states engaged in the coastwise trade, that the domicile of the owner is the situs of a vessel for the purpose of taxation wholly irrespective of the place of enrollment, subject, however, to the exception that where a vessel engaged in interstate commerce has acquired an actual situs in any state other than the place of the domicile of the owner, it may there be taxed because within the jurisdiction of the taxing authority.' " ·

Appellants also cite the case of Ingram v. Cowles, 23 N. E. 48, 150 Mass. 155, by the Supreme Judicial Court of Massachusetts, in which it was held that a portable sawmill and timber and sawed lumber connected therewith was only taxable in the county of the owner's residence. Appellants also cite the case of Commonwealth v. Union Refrigerator Transit Co., 80 S. W. 490, 81 S. W. 268, 118 Ky. 131. But this likewise is a case where the point under consideration was the situation of property with reference to its liability to taxation.

None of these cases seem to be of much aid in the determination of the question under consideration. They but apply the rule made applicable in this state by statute. See article 7510, V. S. Statutes, which, in part, declares that—

"All personal property, subject to taxation and temporarily removed from the state or county, shall be listed and assessed in the county of the residence of the owner thereof, or in the county where the principal office of such owner is situated."

This was stated by our Supreme Court in case of Great Southern Life Ins. Co. v. City of Austin, 243 S. W. 778, 112 Tex. 1, to be the basic principle on which the taxation of personal property rests by the common law.

It was shown by evidence in behalf of appellants that the machinery in question had been shipped from Kansas City, Mo., to Dallas, Tex., the undisputed residence of appellants, and at that place kept, except at such times as it was used in road work in other counties; that, since the defendant Chas. E. Logan had owned the machinery, it had been located in the towns of Fort Worth, Denton, Greenville, Mesquite, Garland, and possibly several siding switches along railroad tracks where it had been doing contract work on county highways; that for a period of "say 7 months" prior to its removal to Denton county the machinery had been in Dallas; that it was never located in Denton county other than to perform the duties under a contract with the city of Denton; that the machinery had been in Denton county during the three or four years of its existence in Texas "possibly 6 or 7 months," but the majority of the time it was here (Dallas county); that it was delayed on account of bad weather or shipment of asphalt or waiting for street work; that the machine had been in Denton only twice.

In Lathe v. Schoff, 60 N. H. 34, it was said, quoting from the headnote:

"The place where personal property is used day after day, where it is stored or housed when not in actual use, and where the business in which it is employed is done, is the place where it is situate, within the meaning of Gen. Laws, c. 137, § 5, designating the town in which a mortgage of personal property shall be recorded when the mortgagor resides out of the state."

The case of County of Allegheny v. Gibson (90 Pa. 397), reported in 35 Am. Rep. 670, was one in which it was sought to hold a county liable for property "situated" therein when destroyed by a mob. In the course of the opinion the court had this to say:

"Was the property situated within the county? Strictly speaking, personal property cannot be said to have a situs. It is situated wherever it may happen to be for the time being. This is all that the word means in the act of assembly, as applicable to personal property of this description."

In 7 Words and Phrases, p. 6524, the case just cited is referred to in the following language:

" 'Situated,' as used in Act March 31, 1841, making a county liable for property 'situated' therein, would include any personal property being within the county, though it might be in transitu. Strictly speaking, personal property cannot be said to have a situs. It is situated wherever it may happen to be for the time being. Allegheny County v. Gibson, 90 Pa. 397, 421, 35 Am. Rep. 670."

The same publication further makes the following quotation from the case of Lathe v. Schoff, supra:

"For some purposes, by a legal fiction, a chattel is regarded as having a situs in the town in which its owner resides, although in fact it is in another town; but this is by no means

the universal rule. When the mortgagor of a chattel resides out of the state, the statute authorizes a record of the mortgage to be made in the town in which the chattel is situate, meaning its actual location, and not its owner's domicile. A short stay of movables during their transit through a place is not within its meaning, but, in the ordinary sense, movables are situate in the place where they are used day after day; where they are stored, housed, or stabled when not in actual use, and where the business in which they are employed is done. To the ordinary observation of people for whose protection and information the statute was intended, that is their location. Lathe v. Schoff, 60 N. H. 34."

[6] We think, as indicated by some of the authorities we have quoted, that in the very nature of personal property it has no fixed situs as has land and fixtures thereon. It is subject to constant actual change from place to place, and, while for purposes of taxation by a fiction of law it may be said to be situated in the county, state or place where its owner resides, it does not follow that the fiction should be applied to the case before us. We do not deem it necessary to decide that a suit to foreclose a lien upon personal property, under subdivision 12 of article 1830, could be maintained in a county through which personal property was in actual transit, for in the case here there was at least a semblance of fixity in the situation of the property under consideration in Denton county at the time of the institution of plaintiff's suit. It had been actually located and used in Denton county for a stated period extending from about May 24 until July 27, 1924, and for the time being it was there in actual use and in actual control of the defendant Brock, in whom there was, at least, a species of proprietary interest. So that we conclude that under the circumstances of this case it was shown that the property under consideration was situated in Denton county at the time of the institution of plaintiff's suit, within the purview of said subdivision 12 of article 1830. In so concluding we have not overlooked appellants' objection that there was no allegation in plaintiff's original petition that the machinery was situated in Denton county. The allegation was made in an amended petition, as also in plaintiff's controverting affidavit. The court undoubtedly had the power to permit the amendment, no surprise having been suggested, which related back to the filing of the original petition. District Court rule 14; Hall v. Bowles (Tex. Civ. App.) 272 S. W. 638; Tarkington v. Broussard, 51 Tex. 550. Moreover, the pleas of privilege and controverting affidavit presented the issue. Shear Co. v. Neely (Tex. Civ. App.) 214 S. W. 573.

There is no merit in appellee's cross-assignment of error, and the judgment below will be affirmed.