**GLASSCOCK et al. v. COPPARD.**

No. 8419.

Court of Civil Appeals of Texas. San Antonio.
April 2, 1930.

Rehearing Denied June 11, 1930.

Douglas & Black, Henry Lee Taylor, and Simmons & Dotson, all of San Antonio, for appellants.

Hertzberg & Kercheville, Church & Graves, and W. Sim Gideon, all of San Antonio, for appellee.

FLY, C. J.

Appellee, as trustee in bankruptcy of the estate of Glasscock Leasing Syndicate, an unincorporated company operating under a declaration of trust, W. D. Glasscock being sole trustee, brought suit against Leon D. Glasscock, W. D. Glasscock, O. B. Black, Idaho Oil Company, J. M. Edmondson, and Pioneer Oil & Refining Company to set aside and hold for naught a deed of trust from the Glasscock Leasing Syndicate to O. B. Black, as trustee for Leon D. Glasscock, dated January 2, 1928. said trustee having made a sale under said trust deed, on June 4, 1929, after proceedings in bankruptcy had been filed, and to set aside all conveyances made by virtue of the sale by O. B. Black, for title and possession of the oil leases and personal property, that each of the defendants be compelled to render an accounting of all money arising from the leases of oil land, and that the Pioneer Oil & Refining Company make an accounting of all money in its hands representing the purchase price of oil run from the leases involved. The court rendered judgment that the deed of trust and the sale thereunder be set aside, as well as those conveyances made to others based on said trustee sale, and that the title and possession of all the property be vested in appellee, except money collected by the Pioneer Oil & Refining Company which had been expended on the leases pending the litigation, and appellee was to recover nothing as to said company.

It was agreed that appellee was the duly qualified trustee in bankruptcy for the estate of Glasscock Leasing Syndicate, unincorporated, of which W. D. Glasscock was trustee. The bankruptcy proceedings are still pending, and the trustee was authorized to bring this suit. The bankruptcy proceedings filed by

three creditors were filed in the United States District Court on May 13, 1929, and the leasing syndicate was declared a bankrupt on June 15, 1929, the property in dispute had been the property of the Glasscock Leasing Syndicate from January 1, 1928. Appellants claimed the land under a trustee's sale made by O. B. Black on June 4, 1929, at the time the bankruptcy proceedings were pending. The sale was made by virtue of a deed of trust given by the leasing company to secure a note given by it to Leon D. Glasscock on January 1, 1928. The beneficiary bought the property sold by the trustee on June 4, 1929. It was conveyed by the purchaser, by different instruments, to different parties, defendants herein. The description of the property sought to be bound is: "All of the property of said Syndicate of whatever description and wheresoever situated, including land, leases, royalties, wells, drilling equipment, machinery, power plants, automobiles, etc., subject to an existing lien."

The deed of trust was duly filed and recorded, but was not registered as required for chattel mortgages. The property conveyed by O. B. Black, as trustee, was described as follows:

"1 Flat top desk,

"1 Filing cabinet,

"1 Safe,

"1 Adding Machine,

"1 Check protector,

"1 Typewriter,

"2 Pow Plants,

"3 Storage tanks, more or less,

"1 Lease house and other small buildings. "Leases:

"Klemcke lease, Somerset, Bexar County, 98 acres, more or less, 13 wells and equipment;

"Gonzales lease, 50 acres, more or less, 3 wells and equipment;

"Curtis lease, 32 acres, more or less, 2 wells and equipment;

"And any and all other assets owned by the Glasscock of questionable value.

"That the said leases are of record in each of the counties to which record reference is here made for further and more accurate description of the same."

It will be noted that no county is mentioned, except Bexar, in connection with the Klemcke lease alone. No reference is made as to the county or state of the situs of any other property in the deed by the trustee.

In the deed of trust no state or county is mentioned; nevertheless, it was held by the Supreme Court of Texas, through one of its most learned members, Judge Reuben R. Gaines, that a description fully if not more uncertain in its terms than the one under investigation was capable of being made certain, and was therefore sufficient. Harvey

v. Edens, 69 Tex. 420, 6 S. W. 306, 309. The deed of assignment in the cited case was made in the state of New York, where the makers had large estates, and also had land in Texas. The description of the property was fully as indefinite as that in this case, and the Supreme Court held, after disposing of a number of objections to the instrument: "It is still further objected to the deed of assignment that it does not sufficiently describe the property claimed by plaintiff to have been conveyed by it. To this it must be replied that it conveys in general terms all the property then owned by the firm of Duncan, Sherman & Co., and all the property of each member of that partnership, wherever situated; that this can be made certain by proof of what property they, and each of them, owned, and that therefore the description is good. It follows, from what we have said, that in our opinion the deed of assignment was valid, and effectual to convey whatever title Duncan, Sherman & Co. had at the time of its execution in the property in controversy to their assignee, W. D. Shipman." The deed of assignment was executed in New York; the land in controversy was situated in Navarro county, Tex. The opinion is sustained by the Supreme Court of the United States in Wilson v. Boyce, 92 U. S. 320, 23 L. Ed. 608; Roberts v. Roberts, 102 Md. 131, 62 A. 161, 1 L. R. A. (N. S.) 782, 111 Am. St. Rep. 344, 5 Ann. Cas. 805. It may be inferred that a like description was sustained in Galbraith v. Engleke (Tex. Sup.) 1 S. W. 346.

██ As said in 8 R. C. L. p. 1074, and adopted in Miller v. Hodges (Tex. Com. App.) 260 S. W. 168, 170: "The sole purpose of a description of land, as contained in a deed of conveyance, being to identify the subject-matter of the grant, a deed will not be declared void for uncertainty if it is possible, by any reasonable rules of construction, to ascertain from the description, aided by extrinsic evidence, what property it is intended to convey." Applying that rule to this case, the description identifies the property beyond doubt as that belonging to the leasing company. Really, under the language of the instrument, it does not become necessary to identify the property but to discover and locate it.

██ The location of the personal property is fixed by the domicile of the Glasscock Leasing Company, which the mortgage recites is Bexar county, Tex. Chator v. Brunswick, 71 Tex. 589, 10 S. W. 250; Oxsheer v. Watt, 91 Tex. 402, 44 S. W. 67; Handley v. McDonald (Tex. Civ. App.) 9 S.W.(2d) 372.

██ The transfer of the property was made in January, 1928, more than a year before the bankruptcy proceedings were begun, and, of course, the rule as to alienation of property four months before the bankruptcy proceedings were begun has no application. There was no preference of any creditor under the bankruptcy act. The trustee in bankruptcy

had no more rights in the property than the bankrupt had at the inception of the bankruptcy proceedings. Hewitt v. Berlin, 194 U. S. 296, 24 S. Ct. 690, 692, 48 L. Ed. 986. As the mortgage was binding on the bankrupt, it was binding on the trustee, even though the chattel mortgage was not registered as provided by law. Registration of the chattel mortgage was not necessary as between mortgagor and mortgagee. Its object is to protect creditors of the mortgagor, subsequent purchasers, or other lienholders. Rev. Stat. art. 5490; Sparkman v. Bank, 112 Tex. 33, 244 S. W. 127.

The filing of the petition in bankruptcy did not destroy the deed of trust, and did not destroy the right of the trustee to proceed under the terms of the deed of trust. As stated in Hewitt v. Berlin, herein cited: "The bankrupt act does not vest the trustee with any better right or title to the bankrupt's property than belongs to the bankrupt or to his creditors at the time when the trustee's title accrues. The present act, like all preceding bankrupt acts, contemplates that a lien good at that time as against the debtor and as against all of his creditors shall remain undisturbed." The rule is thus stated in Collier on Bankruptcy, p. 128: "Where a lien against a debtor's property, which is acquired more than four months before bankruptcy, and which is otherwise valid, is sought to be foreclosed, such foreclosure can not, as a rule, be stayed by the federal court. The trustee takes the property of the bankrupt subject to all valid liens, and while unsecured creditors having claims are parties to the proceeding, it must be remembered that the secured creditor, as such, is not a party to the bankruptcy proceedings, because if his security is valid, the court has no control over him, nor can he share in the assets without surrendering his security." Belcher Mort. Co. v. Bush (Tex. Civ. App.) 67 S. W. 444. The case of General Motors v. Boddeker (Tex. Civ. App.) 274 S. W. 1016, is not applicable to the facts of this case.

The judgment is reversed, and judgment is here rendered that appellee take nothing by this suit and pay all costs in this behalf expended.