## GENERAL EXCHANGE INS. CORPORATION v. DUDLEY.

### No. 10900.

Court of Civil Appeals of Texas. Galveston.
May 4, 1939.

Rehearing Denied May 25, 1939.

Latimer Murfee and Thomas M. Ryan, both of Houston, for appellant.

Thornton, Markwell, Watson & Godard, of Texas City, for appellee.

GRAVES, Justice.

Appellee filed this suit in the county court of Galveston County, Texas, to recover the sum of $600 from the appellant,

General Exchange Insurance Corporation, for a loss resulting from the destruction of his automobile by fire, it having been covered by a fire-insurance policy issued by the appellant.

Appellant filed its plea of privilege to be sued in Harris County, Texas, and appellee filed his controverting affidavit, alleging, among other things now immaterial, that the suit was properly maintainable in Galveston County under subdivision 28 of R.S. Article 1995. Both sides offered evidence, and after a hearing the court overruled the plea, holding the venue to have been correctly laid in Galveston County. This appeal regularly follows from that order.

This court thinks the matter was correctly decided below, and cites with approval—after immaterial alteration—as being the rule on the subject, this statement from the appellee's brief, along with the supporting authorities therein listed:

▮ "In such a suit on an automobile fire-insurance policy, venue properly lies in the county of the insured's residence. The insured property, being of a movable nature, is situated, or located, within the meaning of R.S. Article 1995, Subdivision 28, in the county where the owner resides, and in which the property is permanently located. Article 1995, Subdivision 28, of the Revised Statutes of Texas of 1925; In re Coppock's Estate, 72 Mont. 431, 234 P. 258, 39 A.L.R. 1152; Glasscock v. Coppard, Tex.Civ.App., 29 S.W.2d 414; Ingram v. Cowles, 150 Mass. 155, 23 N.E. 48; Lathe v. Schoff, 60 N.H. 34; San Joaquin & K. R. Canal & Irrigation Co. v. Merced County, 2 Cal.App. 593, 595, 84 P. 285; Security Mutual Life Ins. Co. v. Ress, 76 Neb. 141, 106 N.W. 1037; Zanes v. Mercantile Bank & Trust Co. of Texas, Tex.Civ.App., 49 S.W.2d 922.

"Upon the hearing in the court below, the appellee testified as follows: That he lived in Texas City, Galveston County, Texas, and had been living there for about nine months; that he was regularly employed by the Shipside Warehouse-Company, of Texas City, and that his occupation was that of tank-guager for it there. That on May 12, 1938, he purchased from the Johnson Motor Company, of Texas City, a used 1937 model Plymouth Coupe; that at the same time he purchased an insurance-policy from the appellant on it. That he kept the automobile in a garage in Texas City. That on July 19, 1938, on a Sunday morning, while on a pleasure trip, he was going from LaPorte to Houston, in Harris County, when his car was destroyed by fire.

"The courts of Texas do not seem to have been called upon to determine the meaning of the word 'situated', as set forth in cited Art. 1995, Subdivision 28, in regard to personal property of a movable or fugitive nature. The appellant, in the trial court, relied upon the case of Jones v. Hollywood Style Shop, Tex.Civ.App., 62 S.W.2d 167, and further cites it as authority for its proposition as set forth in its brief.

"In the Jones case the property involved therein consisted of personal property in the nature of merchandise permanently located in a place of business within the county in which the suit was instituted, and the court overruled the plea of privilege and held that venue lay in the county in which the property was situated. In such case there was no question before the court regarding the situation or location of personal property of a movable or fugitive nature. In the present case, the property involved was an automobile in transit and the question to be determined is the situs or location, within the purview of the venue-statute, of the automobile at the time of its destruction by fire. Appellant further cites as authority for its proposition the case of Logan v. Ludwick, Tex.Civ.App., 283 S.W. 548 [552]. In that case the property involved consisted of an oil or asphalt-spreader, which had been located in the county wherein suit was instituted for a period of approximately two months and in all probability would have so remained for a longer period. The court, before making its final decision in that case said:

" 'We do not deem it necessary to decide that a suit to foreclose a lien upon personal property, under subdivision 12 of article 1830 [now Art. 1995], could be maintained in a county through which personal property was in actual transit.'

"Therefore, appellee submits, that case is not authority for a proposition wherein the property involved was in transit, as in the present case.

"Here, it will again be noted that the automobile, being of a movable and fugitive nature, was not located in Harris County for any definite period of time. As a matter of fact, the appellee was

454

merely driving the car through Harris County on a pleasure trip.

"R.S. Article 1995, Subdivision 28, provides: 'Suits against fire, marine or inland insurance companies may also be commenced in any county in which the insured property was situated. Suits on policies may be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company, in the county where the home office of such company is located, or in the county where loss has occurred, or where the policyholder or beneficiary instituting such suit resides.'

"As has often been noted, not only by the courts of Texas but by those of other states as well, the situs of personal property must of necessity be the residence of the owner, or where the property is definitely and permanently located.

"It should be borne in mind that the automobile involved in the present case was never actually situated or at a standstill in Harris County. It was always in transit. As a matter of illustration let us assume for example that the owner of the automobile lived in Beaumont, Texas, and drove his car to El Paso, Texas. Would it be reasonable or logical to presume that venue would change every time his car passed over one county line into another county? Or, let us assume that the owner lived in Galveston, Galveston County, Texas. The Insurance Company had its domicile in Texarkana, Bowie County, Texas, and the car was destroyed by fire in Amarillo, Potter County, Texas, while the owner was on a pleasure trip to California, and merely passing through Potter County. Is it reasonable or logical to presume that the Legislature had in mind when passing Article 1995, Subdivision 28, that the owner, living in Galveston County, would have to go to Potter County in order to prosecute his suit against the Insurance Company? It seems to be quite apparent that the Legislature in providing that: 'Suits against fire insurance companies may also be brought in the county in which the property was situated', had in mind only one thing,—to make it more convenient and less expensive for the insured to prosecute his suit in the county in which he resided and in which the insured property was kept, especially in the case of personal property of a movable and fugitive nature,

which is usually and customarily kept in the county in which the owner resides."

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.