## GENERAL EXCHANGE INS. CORPORATION v. BELL.

### No. 5110.

Court of Civil Appeals of Texas. Amarillo.
Feb. 5, 1940.

Rehearing Denied March 11, 1940.

Clayton & Bralley, of Amarillo, for appellant.

Mahan & Broughton, of Childress, and J. O. Fitzjarrald, of Memphis, for appellee.

FOLLEY, Justice.

This is an appeal from an order of the County Court of Hall County, Texas, overruling a plea of privilege of the appellant, General Exchange Insurance Corporation.

Homer Bell, the appellee, and as plaintiff below, filed this suit against the appellant to recover upon a fire insurance policy issued by the appellant upon a truck of the appellee which was destroyed by fire. The appellant filed its plea of privilege to be sued in Potter County, Texas, the county of its residence.

The appellee filed his controverting affidavit seeking to retain venue in Hall County by virtue of Subdivisions 23 and 28 of article 1995, Revised Civil Statutes. The allegations under Subdivision 23 were that the appellant was a corporation with an agent in Hall County, and that the cause of action arose in such county. The appellee has abandoned the venue exception embraced in this subdivision because the truck when destroyed by fire was in Hardeman County, Texas, and for the further reason that the proof failed to show the appellant had an agent in Hall County. The remaining controversy on the issue of venue is predicated upon the first portion of Subdivision 28 of the statute which reads as follows: "Insurance.—Suits against fire, marine or inland insurance companies may also be commenced in any county in which the insured property was situated."

The appellee lives at Estelline in Hall County where he has resided for thirty years. He purchased a 1937 Chevrolet truck on or about the first day of September, 1937, which was insured against fire at such time by the appellant. The truck was destroyed by fire on or about the third day of June, 1938. Before its destruction such truck had been used by the appellee for occasional hauling and when not in use was kept at Estelline in Hall County. J. C. Bell, a brother of the appellee, was driving the truck for the appellee at the time it was burned. The loss occurred near Quanah in Hardeman County.

Under the holdings of the Commission of Appeals in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, and Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, and that of the Supreme Court in A. H. Belo Corporation v. Blanton, Tex.Sup., 129 S.W. 2d 619, we think the appellee has discharged the burden of proof in showing himself entitled to maintain this suit in Hall County under Subdivision 28 provided he has sufficiently shown that the truck was "situated" in Hall County within the purview of that portion of Subdivision 28 above quoted.

There is no controversy over the fact that the truck was not actually in Hall County when the loss occurred, but the appellee asserts that since he resided in Hall County and the truck was there kept at all times except when the regular use thereof necessitated its being driven temporarily into some other county, the truck was "situated" in Hall County for the purpose of venue as expressed in the language of the statute. In support of this contention the appellee cites us to the case of General Exchange Ins. Corporation v. Dudley, Tex.Civ.App., 128 S.W.2d 452, where the exact question was decided in conformity with appellee's contention by the Court of Civil Appeals at Galveston. We think the argument therein set forth, which we shall not here repeat, is not only logical but is unanswerable.

The appellant contends that the Dudley case is in conflict with Jones v. Hollywood Style Shop, 62 S.W.2d 167, 168, by the San Antonio Court of Civil Appeals. We think a careful reading of the two cases will lead to the conclusion that they are not in conflict with each other but deal with divergent situations, as was set out in the opinion in the Dudley case. In the Jones case the insured property was merchandise in Cameron County, the county where it was insured, where the loss occurred and where the suit was filed. The appellant therein attempted by a plea of privilege to remove the cause to Bexar County where its representative resided. The Court of Civil Appeals upheld the action of the trial court in overruling the plea of privilege and in that instance construed the above language of the statute to refer to the place where the property was "situated when destroyed by fire." As was said of that case in the Dudley case [128 S.W.2d 453], the "property involved therein consisted of personal property in the nature of merchandise permanently located in a place of business within the county in which the suit was instituted, * * *". The situation of the property in that case and the place of the loss were one and the same. Such is not the case in the cause before us. The property involved is a truck which was only upon a temporary business errand in the county where the loss occurred. The owner resided in Hall County and the truck was kept at his residence except upon occasions when in the course of his business it became necessary to operate the truck in some other county.

It will be noted that the language of Subdivision 28 above quoted does not provide that the suit may be commenced in the county in which the property actually was at the time of the loss. In fact, the place of injury or destruction is not noticed by this portion of the subdivision. On the other hand, the provision is only to the effect that the suit may be filed in any county where the property insured is "situated" without regard to the place of loss. The word "situated", as used in the statute and as applied to mobile and transitory property, would surely not imply that the venue of a suit involving such property would change every time the property, in the course of its use, departed from one county and entered some other county. If such an interpretation should be placed upon the word "situated" it would be possible under our modern methods of transportation for the venue of a suit of this character to change a dozen times in the space of a few hours. We think it was the intention of the Legislature that the word "situated", as used in this statute, should have a more stable meaning with reference to mobile or transitory property than would necessarily follow if appellant's contention is correct as applied to the facts of this case. Brock & Co. v. Board of Sup'rs of Los Angeles County, 8 Cal.2d 286, 65 P.2d 791, 793, 110 A.L.R. 700; Ingram v. Cowles, 150 Mass. 155, 23 N.E. 48, 49; Lathe v. Schoff, 60 N.H. 34, 35; Logan et al. v. Ludwick, Tex. Civ.App., 283 S.W. 548.

In 58 C.J. 741, the word "situate" is thus defined: "To have a situs, a place or position; kept." On this same page the word "situated" is defined: "Located; placed with regard to its surroundings. The term contemplates more than mere temporary presence." Also, the word "situs" is there defined as follows: "Location; site, situation; the place where a thing is. While it is said that permanency of location is not required to fix situs, yet the term does import fixedness of location." Under such definitions certainly the truck was not "kept" in Hardeman County nor did its location there at the time of the loss import "fixedness", but on the contrary its presence was merely "temporary". It is therefore our opinion that for the purpose of venue the truck of the appellee was "situated" in Hall County within the purview of Subdivision 28 of article 1995, R.C.S., and that the venue was properly laid in such county.

The appellant assigns as error the admission of certain testimony introduced by the appellee in an attempt to show the appellant had an agent in Hall County and thus establish venue under Subdivision 23 of the statute. If there·was any merit to such assignment, the same becomes immaterial, since the appellee has abandoned his efforts to establish venue under such subdivision but relies strictly on Subdivision 28 to which the assignment is not germane.

The judgment is affirmed.