Gates v. Barrett, &c.

CASE 61—EQUITY—MARCH 2, 1881.

# Gates v. Barrett, &c.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. In general, movable property is to be assessed for taxation in the county of the owner's residence, and, having been assessed there, it is not assessable in another county.
2. A court of equity has power to restrain the collection of an illegal tax.
3. In granting injunctions, courts of equity are not confined to the grounds specified in the Civil Code.
4. Where the collection of an illegal tax is restrained, a judgment against the officer for the cost of the proceeding is proper, although he may have acted in perfect good faith.

OWEN & ELLIS FOR APPELLANT.

1. An injunction can be granted only on some one of the grounds specified in the Civil Code, and therefore cannot be granted to restrain the collection of an illegal tax.

2. The proof fails to show clearly that the property has been listed in another county.

3. As the sheriff acted in an official capacity, no judgment for cost should have been rendered against him.

W. N. SWEENEY & SON FOR APPELLEES.

1. Personal property should be listed for taxation where the owner may reside, if he be a resident of the state; and having been listed there, it cannot be listed in another county.

2. The collection of an illegal tax may be enjoined. (L. & N. R. R. Co. v. Warren County Court, 5 Bush, 247.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

Appellees, residing in Henderson county, were assessed in Daviess county on the sum of $20,000 employed by them in the last named county in the purchase of tobacco. The sheriff of Daviess proceeding to collect the tax was enjoined on the petition of appellees, which alleged that the assessment was illegal, because they had listed the same in Henderson county under the head of equalization, and that they would be compelled to pay the tax twice if the sheriff of Daviess was permitted to enforce its collection. From a decree perpetuating the injunction this appeal is taken.

The assessment was proper in the county of appellees' residence, and having been there made, the property is not subject to re-assessment in another county. In general, movable property is to be assessed for taxation at the place of the owner's residence.

The right to have an injunction to restrain the collection of an illegal tax has been so long recognized and acted upon in this state that it is unnecessary to stop to inquire upon what ground that jurisdiction is exercised by courts of equity. The jurisdiction in this case, however, may be placed upon the ground of the inadequacy of the remedy at law. The officer acting in good faith and under the color of right is justified by his process, and is not liable as a

trespasser; and as a suit would not lie against the state directly, the only complete remedy is by injunction. But if there was a possible remedy at law against the public officer, it would not be sufficient to deprive the party of relief in equity. (High on Injunctions, sections 796 and 801.)

We do not agree with counsel that the only grounds upon which courts of equity may grant injunctions are specified in the Civil Code. The provisions of the Code upon this subject were not intended to take away other well recognized grounds of equity jurisdiction, which may be found necessary for the proper and full administration of justice.

It may be that as the sheriff was acting in good faith under color of legal authority, and is therefore not liable as a trespasser, he would not be liable for costs, if there were no statute upon the subject; but as section 13 of chapter 26, General Statutes, provides that a party succeeding in an action in equity shall recover his cost against any one who is not a nominal defendant, the judgment for cost is not erroneous.

Judgment affirmed.