Commonwealth v. Union Refrigerator Transit Co

---

CASE 16—PROCEEDING BY AUDITOR'S AGENT AGAINST UNION REFRIG-ERATOR TRANSIT CO. TO COMPEL IT TO LIST ITS CARS FOR STATE AND COUNTY TAXATION.—MAY 5.

# Commonwealth v. Union Refrigerator Transit Co.

|     |     |
| --- | --- |
| 118 | 131 |
| d122 | 584 |

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY BRANCH, FIRST DIVISION—SHACKELFORD MILLER, JUDGE.

JUDGMENT FOR DEFENDANT, AND COMMONWEALTH APPEALS. REVERSED.

TAXATION—CORPORATION—PERSONAL PROPERTY—CONSTITUTIONAL LAW —EQUAL PROTECTION.

1. All personal property of a corporation organized under the laws of the State, though having its principal place of business out of the State, is taxable in the State, under Kentucky Statutes 1903, sec. 4020, providing that all personal estate of corporations organized under the laws of the State, whether the property be in or out of the State, shall be subject to taxation.
2. Ky. St. 1903, sec. 4020, making personal property of a corporation organized under the laws of the State subject to taxation in the State, though out of the State, does not contravene Const. sec. 171, providing that taxes "shall be uniform on all property subject to taxation within the territorial limits of the authority levying the tax."
3. Ky. St. 1903, sec. 4020, making personal property of a corporation organized under the laws of the State taxable in the State, though it be out of the State, does not deny the equal protection of the laws, though, under the laws of another State, such property be also taxable there.
4. Ky. St. 1903, sec. 4020, making personal property of a corporation organized under the laws of the State taxable in the State, does not deny the equal protection of the laws, in the case of a corporation owning cars outside of the State, though, in the

case of a railroad company owning cars in use outside the State, it is not taxed therewith in the State; a special mode of taxing ing railroad companies being provided by the Constitution.

HENRY L. STONE AND SAMUEL R. KIRBY FOR APPELLANT.

### POINTS AND AUTHORITIES CITED.

#### STATEMENT.

Chicago, St. Louis & New Orleans Railway Co., etc., v. Commonwealth of Kentucky, 24 R., Part 2, p. 2124.

1. Appellee is liable to taxation in the county of Jefferson, State of Kentucky, the place of its domicile, on all of its tangible personal property. Sec. 4020, Kentucky Statutes; Sess. Acts 1902, p. 283; sec. 4020, Ky. Stats., Carroll's Edition, 1903.

2. The General Assembly had power and jurisdiction to provide that the personal property of all residents of this State, or of corporations organized under the laws of this State, whether in or out of this State, should be taxed in this State. Cooley on Taxation, 3d ed. vol. 1, pp. 86, 673-74; Commonwealth v. Hays, 8 B. Mon., 1; 2 Stant. Rev. Stats., 253-4; Barret & Co. v. City of Henderson, and City of Henderson v. Barret, 4 Bush, 255; Sec. 12, art. 1, General Statutes, ed. 1887, p. 1038; Am. & Eng. Ency. of Law, vol. 25 title "Taxation," p. 152; Burroughs on Taxation, p. 186; Pullman Palace Car Co. v. Pennsylvania, 141 U. S., 18-36; Norfolk and Western Railway Company v. Board of Public Works, 97 Va., 23; Commonwealth v. American Dredging Company, 122 Pa. St., 386; *In re* Swift's Estate, 137 N. Y., 77; Appeal Tax Court of Baltimore City v. Western Maryland R. R. Co., 50 Md., 274; Pelton v. Transportation Company 37 Ohio, 450; Western Transportation Company v. Scheu, 19 N. Y., 408; Cook v. Town of Port Fulton, 106 Ind., 170; Hays v. Pacific Mail Steamship Company, 17 How., 596; Morgan v. Parham, 16 Wall., 471; People v. Commissioner of Texas, 58 N. Y., 242; Bullock v. Town of Guilford, 59 Vt., 516; Appeal Tax Court of Baltimore City v. Northern Central Railroad Company, Ib., 417; Commonwealth of Kentucky v. Louisville & Jeffersonville Ferry Company, 188 U. S., 385-99; State ex rel. v. Stephens, 146 Mo., 662; Union Refrigerator Transit Company v. Lynch, Treasurer, 18 Utah, 378, 48 L. R. A., 790; Union Refrigerator Transit Company v. Lynch, 177 U. S., 149.

3. The appellee is not denied the equal protection of the laws by section 4020, Kentucky Statutes, within the meaning of the fourteenth amendment to the Federal Constitution. Florida Central & Peninsular Railroad Company v. Reynolds, 183 U. S.,

474; King v. Mullins, 171 U. S., 436; Judson on Taxation, sec. 437, p. 562; Head Money Cases, 112 U. S., 595; Bell's Gap R. Co. v. Pennsylvania, 134 U. S., 233; Merchants & Manufacturers Bank v. Pennsylvania, 167 U. S., 464; Columbus Southern R. Co. v. Wright, 151 U. S., 478; affirming 89 Ga., 574; Kentucky Railroad Cases, 115 U. S., 321; Charlotte, C. & A. R. Co. v. Gibbes, 142 U. S., 386; Barbier v. Connelly, 113 U. S., 27 (28-923); Soon Hing v. Crowley, 113 U. S., 703 (28-1145); Missouri Pacific R. Co. v. Humes, 115 U. S., 512 (29-463); Louisville & Nashville Railroad Company v. City of Louisville, 16 R., 796; Kidd v. Alabama, 188 U. S., 730-33; Coe v. Errol, 116 U. S., 517, 524, 29 Ed. 715, 718, 6 Sup. Ct. Rep., 475; Knowlton v. Moore, 178 U. S., 41, 44 L. ed., 969, 20 Sup. Ct. Rep., 747; Dyer v. Osborne, 11 R. I., 321, 327, 23 Am. Rep., 460; Cooley on Taxation, 2d Ed., 221n; Blackstone v. Miller, 187 U. S., p. 277, 23 Sup. Ct. Rep., 277; Sections 182 and 171 of Constitution; Kentucky Railroad Tax Cases, 115 U. S., 321.

4.   Section 4020 does not violate the Constitution of this State. Wren v. Boske, sheriff, 24 R., vol. 2, p. 1780;   Merchants & Manufacturers Bank v. Pennsylvania, 167 U. S., 464.

5.   The method of assessment devised by the judge  of  the county court affirmed by the circuit court, can not be sustained on legal or equitable grounds.   State of Indiana v. Pullman Palace Car Co., 16 Fed. Rep., 193; Pullman's Southern Car Co. v. Nolan, 22 Fed. Rep., 276; Irwin v. New  Orleans,  St.  L. & C. R. Co., 94 Ill., 105 34 Am. Rep., 208; Appeal Tax Court of Baltimore City v. Pullman Palace Car Co., 50 Md., 452; State ex rel. v. Stephens, 146 Mo., 662; Pullman Palace Car Co. v. Pennsylvania, 141 U. S., 18-36; American Refrigerator Transit Co. v. Hall, 174 U. S., 70-82; Union Refrigerator Transit Co. v. Lynch, 177 U. S., 149; Commonwealth v. Hays, 8 B. Mon., 1; Barret & Co. v. Henderson, 4 Bush, 255; Commonwealth v. American Dredging Co., 122 Pa. St., 386, 1 L. R. A., 237-8; Cook v. Town of Port Fulton, 106 Ind., 170; Pence v. City of Frankfort, 101 Ky., 534.

FORCHT & FIELD, AND HUMPHREY, BURNETT & HUMPHREY, COUNSEL FOR APPELLEE.

### PROPOSITIONS AND AUTHORITIES.

1.   (a)   This proceeding by the auditor's agent under section 4241 of the Kentucky Statutes is "an action to enforce a liability created by statute," and is limited by section 2515 to the five years preceding its institution.  C., St. L. & N. O. R'y Co. v. Commonwealth, 24 Ky. Law Rep., 2124; Commonwealth v. Nute, 24 Ky. Law Rep., 2138; Kentucky Statutes, 2515, 4125.

(b)   The claim of the aditor's agent to the penalty of twenty

per cent. provided by section 4241 of the Kentucky Statutes, no time being fixed therein, is limited by section 2515 to the five years preceding the institution of the action. Louisville & Nashville R. R. Co. v. Commonwealth, 85 Ky., 198.

2. The statute providing for the assessment of property in 1890, 1891 and 1892 limited it to property "within the State;" therefore appellee, even if the claim as to those years is not barred by the statute of limitation, is liable to taxation only on its property within the State. Gen. Stats., chap. 92, art. 1, sec. 3; Lou. & Evan. M. Line v. Barbour, 88 Ky., 73.

3. (a) The property of the appellee, being movable personalty, capable of acquiring an actual situs elsewhere, and actually located elsewhere, is not subject to the fiction that the situs of personal property follows the domicile of the owner; and such personalty may be taxed by any authority in whose jurisdiction it is found; for taxation and protection are reciprocal. 3 Blackstone, 43; People v. Campbell, 48 N. Y. St., 817; Com. v. D. L. & M. R. R. Co., 145 Pa. St., 96; Hoyt v. Commissioners, 23 N. Y., 227; In re Swift's Estate, 137 N. Y., 77; Pullman, &c. v. Pennsylvania, 141 U. S., 22; Foreign Held Bond Cases, 15 Wall., 319; State Railroad Tax Cases, 92 U. S., 611; Brown v. Houston, 144 U. S., 627; Coe v. Erroll, 116 U. S., 524; Marye v. B. & O. R. R. Co., 127 U. S., 123; New Orleans v. Stempel, 175 U. S., 310; American R. T. Co. v. Colorado, 174 U. S., 170; Union R. T. Co. v. Utah, 177 U. S., 149; Cleveland R. R. Co. v. Pennsylvania, 82 U. S., 300; Buck v. Miller, 147 Ind., 586; Wilcox v. Ellis, 14 Kan., 588; Fisher v. Commissioners, 19 Kan., 414; Blain v. Irby, 25 Kan., 499; Finley v. Philadelphia, 32 Pa. St., 381; Taylor v. St. Louis, 47 Mo., 595; New Albany v. Meekin, 3 Ind., 481; Tappan v. Merchants, etc., Bank, 19 Wall., 490; Com. v. American Dredging Co., 1 L. R. A., 238; National Dredging Co. v. State, 99 Ala., 462; Boyd v. Selma, 96 Ala., 144; Trammel v. Conner, 91 Ala., 398; McRae v. Bowers Dredging Co., Fed., 360; Thomas v. Mason C'ty Ct., 4 Bush, 135; Erdman v. Martinez, 184 U. S., 578; L. & J. Ferry Co. v. Kentucky, 188 U. S., 399; West. Union T. Co. v. Massachusetts, 125 U. S., 530; Adams Ex. Co. v. Ohio, 165 U. S., 194; Pitts., C., C. & St. L. v. Backus, 154 U. S., 421; West Union T. Co. v. Taggart, 163 U. S., 123; Pullman, etc., v. Twombley, 29 Fed., 658; 1 Cooley on Taxation (3d editon), 87; Judson on Taxation, 223; Rorer on Interstate Law.

(b) The Legislature did not intend that such a corporation as the appellee, or that such personalty as that of the appellee, should be taxed according to the letter of section 4020 of the Kentucky Statutes; and that section must be read in connection with sections 4077, 4079, 4080, 4081 and 4096. Constitution of Kentucky, 202, 171; Adams Ex. Co. v. Kentucky, 166 U. S., 179; Adams Ex.

Commonwealth v. Union Refrigerator Transit Co.

Co. v. Ohio, 165 U. S., 194; 166 U. S., 185; Adams Ex. Co. v. Indiana, 165 U. S., 225; Henderson B. Co. v. Com., 99 Ky., 624.

(c)   Otherwise, section 4020, in so far as it seeks to tax property "without the State" is unconstitutional, because

(1.)   It violates the Fourteenth Amendment to the Federal Constitution by denying to the appellee the equal protection of laws. Ky. Stats., 4077, 4078, 4080, 4081, 4096; Judson on Taxation, 463.

(2.)   It violates the provisions of sections 171 and 182 of the Constitutions of Kentucky as to uniformity. Ky. Stats. 4077, 4079, 4080, 4081, 4096; Constitution, 202.

(3)   It violates section 171 of the Constitution limiting taxation to property within the territorial limits. Mayor v. Baldwin, 57 Ala., 61; People v. Gardner, 51 Barb., 352; St. Louis v. Ferry Co., 11 Wall., 423; Hoyt v. Commissioners, 23. N. Y., 224; Wilkey v. Pekin, 19 Ill., 150; Conn v. Cameron, 19 Mo. App., 573; Trigg v. Glasgow, 2 Bush, 594; Nicholasville v. Rawick, 19 Ky. Law Rep., 1415; Frankfort v. Scott, 19 Ky. Law Rep., 1068; Richmond v. Gibson, 20 Ky. Law Rep., 358; Lou. Bridge Co. v. City, 21 Ky. Law Rep., 703; Frankfort v. Stone, 22 Ky. Law Law Rep., 25; Ky. Stats. 4080, 4081, 4096.

(d)   The equitable method of assessing and taxing such personalty as that of appellee. Pullman, etc., v. Pennsylvania, 143 U. S., 22.

OPINION OF THE COURT BY JUDGE BARKER—REVERSING.

The appellee, the Union Refrigerator Transit Company, is a corporation organized under the laws of this Commonwealth, having its home office in Crescent Hill, Jefferson county, Ky., and its principal place of business in St. Louis, Mo.   It is the owner of 2,000 refrigerator cars, which it leases out to parties needing them for the preservation of their goods while in transit throughout the United States, Mexico, and Canada.   These cars are of about the value of $200 each.   This proceeding was instituted by the auditor's agent of Jefferson county under section 4241, Ky. St., 1903, for the purpose of forcing appellee to list its cars for State and county taxation.   This was resisted by the appellee before the county court, with the result that a judgment was rendered requiring it to list such a propor-

tion of its cars as, under a system of averages, were shown to be used in the State of Kentucky during the fiscal year. The remainder were held not to be subject to taxation here. From this judgment the Commonwealth appealed to the Jefferson circuit court, where the judgment of the county court was affirmed. To reverse these judgments, this appeal is prosecuted.

There is no complaint in this record of a want of regularity in the proceedings, the question for adjudication being whether or not all of the cars owned by appellee, whether in or out of this State, are subject to taxation here. It is insisted by appellee that such of its cars as are used in foreign commerce are not subject to taxation in Kentucky, under the language of the statute, and that, if they are so taxable, then the statute is void, because violative of the State Constitution and of the fourteenth amendment of the federal Constitution. Of these, in their order.

The following sections of the Kentucky Statutes of 1903 are applicable to the subject in hand:

"Section 4020. All real and personal estate within this State, and all personal estate of persons residing in this State, and of all corporations organized under the laws of this State, whether the property be in or out of this State, including intangible property, which shall be considered and estimated in fixing the value of corporate franchises as hereinafter provided, shall be subject to taxation unless the same be exempt from taxation by the Constitution, and shall be assessed at its fair cash value, estimated at the price it would bring at a fair voluntary sale."

"Section 4022. For the purpose of taxation, real estate shall include all lands within this State and improvements thereon; and personal estate shall include every other species

and character of property—that which is tangible as well as that which is intangible."

The slightest examination of these sections shows that they leave nothing for construction. Appellee being a corporation organized under the laws of this State, its personal property, whether tangible or intangible, and whether in or out of the State, must be taxed here, by the terms of the law.

With the question of whether or not the modern tendency of legislative enactment and judicial construction is to trench upon the legal maxim, *mobilia sequuntur personam"* we have nothing to do; and it may be therefore freely conceded, for the purposes of this case, that all that is said in this regard by counsel for appellee is true. Our State upholds and enforces the ancient fiction in all its original severity, and we do not understand that it is open to us to destroy by construction the integrity of a statute, the words of which are so plain that "he who runs may read." And whatever may be said as to the judicial utterances of other jurisdictions, our court has uniformly held that, for the purpose of taxation, the situs of personal property of every description is the domicile of the owner. The case of Wren v. Boske, Sheriff, 72 S. W., 279, 24 Ky. Law Rep., 1780, presented this state of facts: The appellant, Wren, resided in Scott county. He owned a farm in Kenton county, upon which he had horses, mules, cattle, and sheep, which had been there for eight years. This personal property he listed with the assessor of Scott county, where he resided, but, notwithstanding this, it was assessed for taxation in Kenton county, and he instituted an action to restrain the sheriff of Kenton county from selling it for taxes. This court said: "It is conceded that the stock had obtained a situs in Kenton county; and, if personal property in this State which has obtained a situs in a county other than that of the owner's residence

may · be assessed in that county, although the owner gives it in for taxation in the county of his resi-° dence, then the judgment of the circuit court dis· missing the plaintiff's petition is right. We are referred to a number of decisions holding that personal property of non-residents of the State, which has obtained a situs in the State, may, if the Legislature so provides, be taxed in that State; and the same rule, no doubt, would apply between the different counties of the same State of the Legislature so provided. But the question, after all, is one of legislative intent." The court then held that the property could only be taxed at the domicile of the owner.

In the case of Langdon-Creasey Company v. Trustees of Owenton Common School District, etc., 116 Ky., 562, 76 S. W., 381, 25 Ky. Law Rep., 823, it appears that the corporation had its domicile in Covington, Ky. It also had a retail grocery store in Owen county, Ky., where its goods were sought to be taxed for local purposes. This court held —approving Wren v. Boske, Sheriff—that the personal property of the corporation was only taxable in the county of its residence. It was said: "As appellant corporation has a legal residence, and not being in the class of corporations which are required to report to the auditor, it must be assessed in the same manner as that of a natural person. It seems to us that there is no escape from this conclusion. The Legislature has the unquestioned authority to fix the situs of property for the purpose of taxation. . . . The case of Wren v. Boske is made to turn upon the legislative intent, and this case is likewise made so to turn." In the case of Gates v. Barrett, 79 Ky., 295, 2 R., 318, it is said: "In general, movable property is to be assessed for taxation at the place of the owner's residence." See, also, Boske, Sheriff, v. Security · Trust & Safety Vault Company, 56 S. W., 524,

22 Ky. Law Rep., 181; Covington v. Wayne, 58 S. W., 776, 22 Ky. Law Rep., 826, and City of Louisville v. Sherley, 80 Ky., 71, 3 R., 566. In Cooley on Taxation (3d Ed.) vol. 1, p. 86, the rule is stated: "If a person is domiciled within the State, his personalty, in contemplation of law, has its situs there also, and he may be taxed in respect of it at the place of his domicile. . . . However, the maxim *mobilia sequuntur personam* is not of universal application, does not rest on any constitutional foundation, and gives way before express laws; and a State may, at its option, impose taxes on tangible personal property within its limits, irrespective of the residence or allegiance of the owner, although this would not be true of property merely passing through the State, and not having a situs therein." Id. 673: "The proper place for the taxation of a corporation in respect of its personalty is the place of its principal office, unless some other rule is prescribed by statute." In Burroughs on Taxation, p. 186, the rule is thus stated: "A corporation is taxable for its personal property at its domicile, which is the state of its creation, and, within that State, in the town where it has its principal office or place of business." In Am. & Eng. Ency. of Law (1st Ed.) vol. 25, p. 133, it is said: "In the taxation of personal property, two inconsistent doctrines often come into conflict—the one, *mobilia sequuntur personam* demanding that the property shall be taxed at the owner's domicile, on the theory that personalty has no other situs; the other, that it should be taxed, like real property, where it is situated. Ordinarily the first rule will prevail, and, as a general rule, personal property is taxable at the domicile of its owner. This is often so provided by statute. The State may, however, and often does, make it taxable at its actual situs. The fact that

double taxation may result from the assessment in two States does not affect the validity of the assessment."

It is urged, however, that the statute which requires movable personal property situated in a different jurisdiction to be taxed at the domicile of the owner is invalid as being in contravention of the provisions of section 171 of the Constitution, which is as follows: "The General Assembly shall provide by law an annual tax, which, with other resources, shall be sufficient to defray the estimated expenses of the Commonwealth for each fiscal year. Taxes shall be levied and collected for public purposes only. They shall be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax, and all taxes shall be levied and collected by general laws." It is said that the language, "They shall be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax," limits the power of taxation to property actually within the territorial limits of the taxing jurisdiction. This we think is erroneous. The subject-matter of the language in question is uniformity. There is no attempt to enumerate the subjects of taxation. Nor can the language be read as if it was said that taxes shall be uniform upon all property within the territorial limits of the authority levying the tax. The language is that taxes shall be "uniform upon all property subject to taxation," leaving the question as to what property is subject to taxation undetermined. Section 172, however, does provide what property shall be taxed. It is as follows: "All property, not exempted from taxation by this Constitution, shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale. . . ." This language needs no construction, and it requires that all property of which the State has jurisdiction, except that which is exempted, shall

Commonwealth v. Union Refrigerator Transit Co.

be taxed; and, instead of limiting the subjects of taxation to personal property having an actual situs within the territorial limits, the section extends the zone of taxation until it equals that of jurisdiction.

Nor can it be maintained that the statute is invalid for the reason that it denies to the owners of such personal property "the equal protection of the-laws." This précise question arose in the case of Coe v. Errol, 116 U. S., 524, 6 Sup. Ct., 476, 29 L. Ed., 715. There the question was whether certain logs which were situated within one State could be taxed therein, when they were also taxed in the State where the owner resided. And it was said by the court: "We have no difficulty in disposing of the last condition of the question, namely, the fact, if it be a fact, that the property was owned by persons residing in another State, for, if not exempt from taxation for other reasons, it can not be exempt by reason of being owned by nonresidents of the State. We take it to be a point settled beyond all contradiction or question that a State has jurisdiction of all persons and things within its territory which do not belong to some other jurisdiction, such as the representatives of foreign governments, with their houses and effects, and property belonging to or in the use of the government of the United States. If the owner of personal property within a State resides in another State, which taxes him for that property as part of his general estate attached to his person, this action of the latter State does not in the least affect the right of the State in which the property is situated to tax it also. It is hardly necessary to cite authorities on a point so elementary. The fact, therefore, that the owners of the logs in question were taxed for their value in Maine, as a part of their general stock in trade, if such fact were proved could have no influence in the decision of the case, and may,

be laid out of view." In the case of Blackstone v. Miller, 188 U. S., 202, 23 Sup. Ct., 278, 47 L. Ed., 439, the question for adjudication was whether a law which taxed the succession to a tangible chattel at the situs of the chattel was valid, when it appeared that the same subject was taxed at the domicile of the owner. The court said: "To come closer to the point, no one doubts that succession to a tangible chattel may be taxed wherever the property is found, and none the less that the law of the situs accepts its rules of succession from the law of the domicile, or that by the law of the domicile the chattel is a part of a universitas, and is taken into account again in the succession tax there. . . . No doubt, this power on the part of two States to tax on different and more or less inconsistent principles leads to some hardship. It may be regretted, also, that one and the same State should be seen taxing on the one hand according to the fact of power, and, on the other, at the same time, according to the fiction that, in successions after death, *mobilia sequuntur personam* and domicile govern the whole. But these inconsistencies infringe no rule of constitutional law."

In the case of Kidd v. Alabama, 188 U. S., 730, 23 Sup. Ct., 401, 47 L. Ed., 669, the question was whether or not the fiscal laws of Alabama, which undertook to tax shares of stock in railroads held by residents of the State (the railroads being situated in other States), were inimical to the fourteenth amendment of the Constitution of the United States. In answering the argument that they were invalid, the court said: "We say that the State, in taxing stock, may take into account the fact that the property and franchises of the corporation are untaxed, whereas in other cases they are taxed; and we say untaxed because they are not taxed by the State in question. The real grievance in a

case like the present is that, more than probably, they are taxed elsewhere. But with that the State of Alabama is not concerned. No doubt, it would be a great advantage to the country, and to the individual States, if principles of taxation could be agreed upon which did not conflict with each other, and a common scheme could be adopted by which taxation of substantially the same property in two jurisdictions could be avoided. But the Constitution of the United States does not go so far. . . . The State of Alabama is not bound to make its laws harmonize in principle with those of other States. If property is untaxed by its laws, then for the purpose of its laws the property is not taxed at all." These opinions of the supreme court of the United States not only clearly recognize the right of the State to enforce the maxim *mobilia sequuntur personam* in fiscal matters in its original vigor, but they clearly deny that in so doing it contravenes the provisions of the fourteenth amendment of the Constitution of the United States.

It is said that the fact that all of appellee's cars are taxed, whether in this State or not, while in assessing the property of railroads the cars in use out of the State are omitted, is an unjust discrimination against it, and is violative of the fourteenth amendment as to the "equal protection" of the laws. Railroad corporations occupy a unique position in our fiscal system. They are by the express language of the Constitution, taken out of the category of other property as to the manner in which they are taxed; but, in so doing, it is not intended to violate the fundamental principle of the Constitution as to uniformity in taxation, but, on the contrary, to enforce and secure it, and it is confidently believed that the system devised does accomplish the end desired as nearly as may be. We will not

burden this opinion with any attempt to show the reasons for the distinction in the fiscal law as to railroads, nor the fact that they are not unduly favored in their isolation. These are obvious, and this court has uniformly upheld the validity of the statutes which provide and enforce the anomalous mode of taxation applicable to them. Kidd v. Alabama, supra, and the Kentucky Railroad Tax Cases, 115 U. S., 321, 6 Sup. Ct., 57, 29 L. Ed., 414, are conclusive of the federal question.

For the reasons indicated, the judgment is reversed for proceedings consistent with this opinion.

Response of Judge Barker to petition for rehearing:

As the record shows, without contradiction, that appellee owned 2,000 cars, of the value of $200 each, on the assessment day of each year in which they are sought to be taxed by this proceeding, the opinion is extended so as. to require the lower court, upon the return of the case, to enter a judgment against appellee for the amounts due upon the above named property for taxes for the respective years at the legal rate of taxation for each year, with legal penalties.

The petition for rehearing is overruled.