**CHEMICAL EXPRESS et al., Appellants,**

v.

**CITY OF ROSCOE et al., Appellees.**

No. 3358.

Court of Civil Appeals of Texas.

Eastland.

Feb. 7, 1958.

Rehearing Denied Feb. 28, 1958.

Turner, White, Atwood, McLane & Francis, Geo. E. Flannigan, Dallas, for appellants.

C. L. Chance, Austin, Weldon Kirk, Sweetwater, for appellees.

COLLINGS, Justice.

This is a suit by the City of Roscoe against Chemical Express, a corporation, and Cement Transports, Inc., both of Dallas, Texas, to recover alleged delinquent taxes on motor trucks in the sum of $884. The State of Texas for itself and in behalf of Nolan County and all political subdivisions thereof whose taxes are collected by the county and the Roscoe Independent School District were impleaded as parties defendant. The defendants Chemical Express and Cement Transports answered and challenged the constitutionality, the statutory validity and authority for making such assessment, and denied that they owed taxes to any of the taxing agencies party to this suit. Upon a trial before the court without a jury judgment was rendered against the defendants, jointly and severally, and in favor of each of the taxing agencies for the amount of taxes which the court found to be due. The defendants Chemical Express and Cement Transports have brought this appeal.

It is contended in appellants' first point that the court erred in entering judgment against them for taxes because the uncontradicted evidence shows conclusively that the tax assessment was against rolling stock of such motor transportation companies, subject to taxation only in Dallas County, the location of the home offices of the appellants.

The property involved and assessed for taxes in Nolan County was twenty-six motor trucks and trailers, which were located in the City of Roscoe in Nolan County on January 1, 1956, and eight such trucks located in the county on January 1, 1955. The assessment did not cover any other personal property of appellants located in Nolan County. The motor trucks were the property of appellants Chemical Express and Cement Transports, both corporations with offices and principal places of business in Dallas County. Both corporations were engaged in the business of transporting property of others for hire. The motor trucks were operated over the western portion of Texas and part of New Mexico under appropriate licenses, but on January 1, 1955, and on January 1, 1956, were under no order to be moved to any other station outside of Nolan County.

Appellees urge that Article 8, Section 11, of the Constitution of the State of Texas, Vernon's Ann.St. and Article 7153 of Texas Civil Statutes provide for taxation of all property in the county where situated with certain specified exceptions, and that the motor trucks involved in this case do not come within the terms of any exception. Article 8, Section 11, of the Constitution provides:

"Sec. 11. All property, whether owned by persons or corporations shall be assessed for taxation, and the taxes paid in the county where situated, but the Legislature may, by a two-thirds vote, authorize the payment of taxes of non-residents of counties to be made at the office of the Comptroller of Public Accounts."

Article 7153 of Vernon's Texas Civil Statutes provides:

"All property, real and personal, except such as is required to be listed and assessed otherwise, shall be listed and assessed in the county where it is situated; and all personal property, subject to taxation and temporarily removed from the State or county, shall be listed and assessed in the county of the residence of the owner thereof, or in the county where the principal office of such owner is situated."

The rolling stock of the defendant motor transportation corporations was not under the facts of this case subject to taxation in Nolan County where it was located and assessed for taxes on January 1, 1955, and on January 1, 1956. The situs of such personal property for taxation was in Dallas County where defendants, the owners, had their home offices and principal places of business as contemplated by Article 7153, supra; City of Fort Worth v. Southland Greyhound Lines, 123 Tex. 13, 67 S.W.2d 354; certified questions answered and opinion of Court of Civil Appeals approved, 123 Tex. 13, 67 S.W.2d 361; City of Dallas v. Gulf, Colorado & Santa Fe Ry. Co., Tex. Com.App., 16 S.W.2d 292.

Appellees seek to distinguish the above cited cases from the facts of the instant case. They point out that the Southland Greyhound Lines and the Santa Fe Railway Company operated their rolling stock incidental to the maintenance of common carrier schedules and that such rolling stock under the terms of the statute had an artificial situs for taxation purposes at the place of domicile of the owner. Appellees urge that the defendant transportation corporations are not engaged in hauling passengers or freight on fixed routes or schedules, but instead are contract carriers of a specific commodity, hauling one product from one point of origin to various destinations not on schedule but governed by supply and demand. The difference urged is not one which would under the terms of the statute require a different result from that reached in the cited cases. It is undisputed that the motor trucks here involved were the property of the defendant corporations whose domiciles and principal offices were in Dallas County; that such corporations were engaged in transporting property of others for hire, and operated said trucks over the western part of Texas and part of New Mexico, with terminals at Maryneal, El Paso and San Antonio, Texas; that no particular number of vehicles were assigned to any particular terminal but the assignment of the vehicles to a terminal was temporary and based upon the amount of business available. These trucks were taxed in Dallas County. These trucks of the defendant corporations, so temporarily assigned and stationed in Nolan County were not taxable in Nolan County. Their situs for the purpose of taxation was in Dallas County, the location of the domiciles and principal offices of the defendant corporations.

The facts of the instant case in our opinion come squarely under the holdings in the above cited cases and the terms of Article 7153, supra, to the effect that "personal property * * * temporarily removed from the * * * county shall be listed and assessed in the county of the residence of the owner thereof, or in the county where the principal office of such owner is situated."

The judgment of the trial court is reversed and the judgment is here rendered for the defendants.