Paul W. KENWORTHY and Kenworthy Trucking Company, Inc., Appellant,

v.

CITY OF ODESSA, Texas, Appellee.

No. 5333.

Court of Civil Appeals of Texas.

El Paso.

April 29, 1959.

Rehearing Denied May 20, 1959.

Will Hadden, Odessa, for appellant.

Truman P. Kirk, City Atty., Odessa, for appellee.

ABBOTT, Justice.

This case appears to be a test case brought before this court to determine the taxing authority of the City of Odessa to levy and collect taxes on personal property, where the situs of personal property in question, for tax purposes, was in dispute. The facts in the case, submitted upon an agreed Statement of Facts, reduced to writing a year and half after the trial, are:

Paul W. Kenworthy was the owner of a small trucking concern doing business in Odessa during all of the time in question. For a time this business was operated from appellant's residence within the city limits of Odessa. Appellant leased a truck yard outside the city limits of Odessa in 1952, for the purposes of repairing, servicing, dispatching and storing his trucks. There was no regular office at the yard, but there was some arrangement for the use of a telephone belonging to the owner of the yard and located therein. The business address listed in the telephone book and city directory was an address within the city limits of Odessa. Appellant testified that he maintained his telephone, desk and typewriter at his residence, in a room with an outside entrance, and that his trucks, at times, came to this office for instructions, dispatches, and expense money, and at other times the trucks were parked on the streets of Odessa around his residence, or on the streets of Odessa at the homes of his drivers. Appellant testified that his business operation was the same in 1952, 1953 and 1954, except that the business was incorporated in August, 1953. Appellant testified that he was the sole owner of this business.

Appellant did not render his personal property for the year 1953 or 1954. On March 11, 1953 an appraiser in the City Tax Department contacted appellant at his residence, and took the valuation of four trucks parked at appellant's residence, as stated to be the book value by appellant. From this evaluation, appellant was billed for taxes in the amount of $96. In 1954, the same appraiser assessed taxes against appellant in the amount of $12.50, this being for office furniture found within the City limits of Odessa. The appraiser testified that it was his understanding that the trucks had been

moved outside the city limits prior to the beginning of the 1954 tax period, and so he did not assess the value of the trucks for that year.

The City of Odessa filed suit against appellant for the delinquent taxes and had default judgment on January 24, 1956. Upon motion by appellant, the trial court granted a new trial in April, 1956 and, upon hearing in October, 1957, granted the judgment complained of to appellee. Appellant moved to dismiss, moved for arrest of judgment, and moved for a new trial. All were overruled by the trial court, and appellant perfected his appeal to this court, bringing four points of error:

"First Point: The Trial Court erred in granting the judgment of October 29, 1957 and in overruling Appellant's Motion to Dismiss, for Arrest of Judgment or For a New Trial, for the reason that there is no evidence, or if some evidence it is insufficient, to support a finding that the four trucks described in the Statement of Facts were situated in the City of Odessa for tax purposes on January 1, 1953.

"Second Point: The Trial Court erred in granting the Judgment of October 29, 1957 and in overruling Appellant's Motion to Dismiss, for Arrest of Judgment or For New Trial, for the reason that there is no evidence, or if some evidence it is insufficient, to support a finding that the four trucks described in the Statement of Facts were owned by Appellants on January 1, 1953.

"Third Point: If Appellant is mistaken in the above contentions, then the Judgment, as written, is not a valid judgment because it shows on its face that it is based on the pleadings of Appellee and not on the proof, and the pleadings do not state a cause of action in that there is no law allowing the City of Odessa to tax and levy a lien against the names of a company and a corporation, and such judg-

ment reflects that the Court had no jurisdiction over the subject matter of the Petition and the Judgment.

"Fourth Point: As to Appellant Kenworthy Trucking Co., Inc., The Trial Court erred in granting judgment against it because the Trial Court had no jurisdiction over the person of such corporation."

■ We believe that Points One and Two must be overruled. The case was heard before the trial court. The judge of that court heard the testimony and observed the witnesses. The court found that the trucks in question were located in the City of Odessa for taxing purposes, and we believe that appellant's own testimony contained in the abbreviated agreed Statement of Facts sufficiently supports this finding. Orr v. Orr, Tex.Civ.App., 226 S.W.2d 172; John Hancock Mut. Life Ins. Co. v. Stanley, Tex. Civ.App., 215 S.W.2d 416. Had the trucks been operated from the yard outside the city limits in 1953, as they were in 1954, the outcome would probably have been different; but, under the facts as set out, we believe the evidence clearly brings this case under the holdings in City of Fort Worth v. Southland Greyhound Lines, 123 Tex. 13, 67 S.W.2d 354; Chemical Express v. City of Roscoe, Tex.Civ.App., 310 S.W.2d 694; and Article 7153, Vernon's Annotated Civil Statutes of Texas.

■ Appellant's third point presents a different problem. Appellee plead its case on a form pleading, and the judgment is also on a form, designed for the foreclosure by taxing units on real property. Attached to the pleadings is an "Exhibit A", purportedly describing the property involved. In neither the pleadings nor the judgment is there a description of the personal property involved. However, from the Statement of Facts, we believe the property consisted of four trucks. The trial court found that appellee had the right to tax appellant; had properly proceeded in the tax suit; and that appellant was the owner of the following

**32**

described property, to-wit: "Personel property taxes on Kenworthy Trucking Company and/or Kenworthy Trucking Company, Inc. individially and severally." By referring to appellee's pleadings, we find the property in question to be:

"Kenworthy Trucking Company and/or
Kenworthy Trucking, Company, Inc. individually and severally."

There is no way in which this court can reconcile the judgment granted; and, for this reason, the cause must be reversed and remanded for trial. Having taken this action, we will not consider appellant's Point of Error No. 4, as the defect, if any, will probably be corrected upon a new trial.