## SANFORD INDEPENDENT SCHOOL DISTRICT, Appellant,

v.

## H. B. ZACHRY COMPANY, Appellee.

### No. 7511.

Court of Civil Appeals of Texas.

Amarillo.

June 28, 1965.

Rehearing Denied Sept. 7, 1965.

Sanders, Scott, Saunders, Brian & Humphrey, Amarillo, for appellant.

Johnson, Hite, Callender & Gregorie, San Antonio, Gassaway, Allen & Norman, Borger, for appellee.

NORTHCUTT, Justice.

This is a suit for delinquent ad valorem personal property taxes. Sanford Independent School District brought this action against H. B. Zachry Company in Hutchinson County for the collection of delinquent taxes assessed on certain machinery, tools, and equipment situated within the boundaries of the Sanford Independent School District on January 1, 1963. The original petition alleged an amount of taxes, penalty, and interest due of $10,-321.82. The appellee, H. B. Zachry Company, contested the suit on the grounds that said machinery, tools, and equipment had not acquired a taxable situs within said plaintiff school district. After both appellant and appellee had moved for summary judgment, and a hearing had been set thereon, it was agreed by and between the parties that such hearing would also constitute a trial of the case on its merits for all purposes. After said hearing, the court without the aid of a jury, entered a take-nothing judgment for defendant, appellee,

on the 23rd day of November, 1964. The appellant gave notice of appeal that same day, and it was incorporated in the judgment.

At the request of Sanford Independent School District the trial court made and filed the following findings of fact and conclusions of law as follows:

## FINDINGS OF FACT

"1. Sanford Independent School District is a duly organized and incorporated governmental subdivision existing in Hutchinson County, Texas.

2. All conditions precedent to Sanford Independent School District's right to levy and access ad valorem taxes have been complied with according to law.

3. H. B. Zachary Company did not appear before the board of equalization sitting in the Sanford Independent School District for the year 1963.

4. H. B. Zachry Company is a Delaware Corporation with its principal office located in San Antonio, Bexar County, Texas; and is operating in this state under a license to do business issued by the Secretary of State.

5. In March, 1962, H. B. Zachry Company began moving tangible personal property into the Sanford Independent School District to construct the Sanford Dam on the Canadian River. Said project of construction is scheduled to be completed by H. B. Zachry Company in June, 1965. H. B. Zachry Company, Defendant, will have a relatively small amount of its tangible personal property, including a general heavy equipment maintenance shop and office facilities, located within the boundaries of the Sanford Independent School District during the entire forty month period of construction. The remainder of its personal property within the Plaintiff district may be described as various types of rolling stock, earth-moving equipment and wheeled or tracked construction machinery. This type of equipment has been moved in and out of the Plaintiff district, to and from other construction jobs, as the Defendant's needs upon such jobs required. The Defendant has, during the construction of the Sanford Dam project, maintained a fluctuating inventory of equipment in the Plaintiff district, based upon the need for such types and amounts of equipment during various phases of the construction project. The personal property here sought to be taxed is but a portion of the Defendant's general pool of construction equipment which is moved from job to job as required by the phase of construction at each job.

6. The property here sought to be taxed is not permanently located within the Plaintiff school district.

7. All of such property, including the small amount which will have remained in the Plaintiff district during the entire construction period, will be removed upon completion of the project.

8. All demands for payment of the accessed taxes as required by law were given by the Sanford Independent School District and received by H. B. Zachry Company.

9. The taxes here sought to be collected are unpaid.

10. The total amount of taxes here sought to be collected is $10,021.18, plus penalty and interest.

## CONCLUSIONS OF LAW

1. H. B. Zachry Company, Defendant herein, owes no taxes to plaintiff.

2. The property here sought to be taxed by Plaintiff did not acquire a situs within the Plaintiff district.

3. The property here sought to be taxed by Plaintiff had a situs for taxation in San Antonio, Texas."

The appellant presents this appeal upon five points of error contending the court erred in holding that appellee had successfully rebutted appellant's prima facie case; in finding as a conclusion of law that appellee owes no taxes to appellant; in finding as a conclusion of law that the property sought to be taxed by appellant did not acquire a tax situs within said district; and in finding as a conclusion of law that the property sought to be taxed by appellant had a tax situs in San Antonio, Texas.

It is undisputed that H. B. Zachry is the president of appellee. H. B. Zachry Company is a Delaware corporation doing business under proper permits issued by the Secretary of the State of Texas. The registered office and actual principal office or home office of the company is in San Antonio, Bexar County, Texas. Appellee made and entered into a contract to construct the Sanford Dam on the Canadian River. The dam is located in the Sanford Independent School District in Hutchinson County, Texas. In March 1962 H. B. Zachry Company began moving tangible personal property onto the dam site to start construction of the dam. The dam was to be completed in June 1965. We do not believe there is any question as to appellee not having considerable property on the job on January 1, 1963. Neither is there any question as to appellee bringing onto the job much machinery and also removing some from the job to other locations outside of Hutchinson County, Texas.

We are of the opinion, and so hold, that appellant proved by prima facie evidence the true and correct amount of taxes due, if any, as provided for under Article 7326 and Article 7336f, Section 2, Subdivision h, Vernon's Ann.Tex.Civ.St. Then we must determine if that prima facie evidence was rebutted in this case. Article 8, Section 11 of the Constitution provides:

"All property, whether owned by persons or corporations shall be as-

sessed for taxation, and the taxes paid in the county where situated * *."

Article 7153, V.A.T.S., provides as to where rendered as follows:

"All property, real and personal, except such as is required to be listed and assessed otherwise, shall be listed and assessed in the county where it is situated; and all personal property, subject to taxation and temporarily removed from the State or county, shall be listed and assessed in the county of the residence of the owner thereof, or in the county where the principal office of such owner is situated."

It is stated in the case of Chemical Express v. City of Roscoe, Tex.Civ.App., 310 S.W.2d 694 at 696 (writ refused) as follows:

"It is undisputed that the motor trucks here involved were the property of the defendant corporations whose domiciles and principal offices were in Dallas County; that such corporations were engaged in transporting property of others for hire, and operated said trucks over the western part of Texas and part of New Mexico, with terminals at Maryneal, El Paso and San Antonio, Texas; that no particular number of vehicles were assigned to any particular terminal but the assignment of the vehicles to a terminal was temporary and based upon the amount of business available. These trucks were taxed in Dallas County. These trucks of the defendant corporations, so temporarily assigned and stationed in Nolan County were not taxable in Nolan County. Their situs for the purpose of taxation was in Dallas County, the location of the domiciles and principal offices of the defendant corporations.

"The facts of the instant case in our opinion come squarely under the holdings in the above cited cases and the terms of Article 7153, supra, to the

effect that 'personal property * * * temporarily removed from the * * county shall be listed and assessed in the county of the residence of the owner thereof, or in the county where the principal office of such owner is situated.' "

The property here involved was transferred to the dam site to be used in completing the dam and was then to be transferred to another job. Some of the property was used on the dam and then moved to other places and other articles of equipment moved in to do certain kinds of work. In considering the terms "situated" and "temporarily," we must consider the facts of this particular case. If we were to give a literal meaning to those terms there would be no question about certain property being situated in the appellant's district on January 1, 1963; but to give the terms such literal meaning would be saying that while the property was being moved to the dam site, it was left for a few days in Carson County and was there on January 1, 1963, it would be subject to taxation in Carson County.

■ We think the term "temporarily" means lasting for a time only. Under this record the property here in question was to be at the dam site only until the completion of the dam. Black's Law Dictionary defines "temporarily" as that which is to last for a limited time only, as distinguished from that which is perpetual, or indefinite, in its duration. It is undisputed in this case that as soon as the dam was completed or a certain piece of property was no longer needed at the dam it was to be transferred to another job. It is stated in 110 A.L.R. at p. 717 as follows:

"The courts are all agreed that before tangible personal property may be taxed in a state other than its owner's domicil, it must acquire there a location more or less permanent. It is difficult to define the idea of permanency that this rule connotes. It is clear that 'permanency,' as used in this connec-

tion, does not convey the idea of the characteristics of the permanency of real estate. It merely involves the concept of being associated with the general mass of property in the state, as contrasted with a transient status— viz., likelihood of being in one state today and in another tomorrow."

See also City of Amarillo v. Carter, Tex. Civ.App., 380 S.W.2d 177, where it is stated:

"The second clause of our present Article 7153 provides ' * * * all personal property, subject to taxation and temporarily removed from the State or county, shall be listed and assessed in the county of the residence of the owner thereof, or in the county where the principal office of such owner is situated.'

"Clearly the property sought to be taxed here is movable property temporarily out of the county and state such as contemplated in the second clause of Article 7510, Revised Statutes, 1911 and its successor article, 7153.

"Since our Supreme Court in the Great Southern Life Insurance Co. case above cited held the constitutional provision is to be construed according to common law principles, leaving the field open for reasonable legislative action, let us now consider the second clause of Article 7153.

"We believe it fair to say that the weight of authority indicates that transient movable property under the common law has a tax situs at the domicile of the owner. As stated in the Great Southern Life case: 'This is still the basic principle upon which the taxation of personal property rests.' See also City of Fort Worth v. Southland Greyhound Lines, supra [123 Tex. 13, 67 S.W.2d 354, 361]; Commonwealth v. Union Refrigerator Transit Co., 118 Ky. 131, 80 S.W. 490, 81 S.W. 268;

Chemical Express Company v. City of Roscoe, Tex.Civ.App., 310 S.W.2d 694 (writ refused)."

The Supreme Court in the case of Great Southern Life Ins. Co. v. City of Austin, 112 Tex. 1, 243 S.W. 778 held that the constitutional provision declaring the property shall be taxed in the county where situated does no more than declare the common law. The court then held that under the common law personal property of every description was taxable only at the domicile of its owner regardless of its actual location and that this was still the basic principle on which the taxation of personal property rests.

We are of the opinion, and so hold, that the property here involved was situated temporarily in the Sanford Independent School District and that the situs of the personal property here involved for the purpose of taxation was in San Antonio, Bexar County, Texas. We overrule all of appellant's assignments of error.

Judgment of the trial court is affirmed.