

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

February 22, 1966

Hon. John L. David
Dallam County Attorney
316 Denrock Avenue
Dalhart, Texas

Opinion No. C-621

Re: Where the owner of a
wholesale oil business
lives in Hartley County,
but his business is
located in Dallam County,
whether his transport
trucks and other equip-
ment be registered for
license and rendered for
ad valorem taxes in
Dallam County and related
questions.

Dear Hon. David:

We quote the following excerpt from your letter requesting
the opinion of this office on the above captioned matters:

"Questions have developed in our County Tax
Assessor's office concerning the proper county to
tax certain properties located in Dallam County.
As you may not know, Dalhart is the county seat of
Dallam County but about thirty per cent of the City
of Dalhart is located in Hartley County. Almost all
of the business establishments are located in Dallam
County but many of the owners reside in Hartley County.

"There have been several occasions when a deter-
mination for the proper method of determining the situs
for tax purposes of tax property was necessary and in
order that I might settle these controversies between
Hartley County and Dallam County, I would like to know
the answer to the following situations which are actual
cases confronting our tax assessor and collector.

"1. The owner of a wholesale oil business lives in
Hartley County but his business is located in Dallam
County. Should his transport trucks and other equipment
be registered for license and/or rendered for tax pur-
poses in Dallam County?

"2. A cattle transport company has its office in Dallam County but operates in Texas and other states. The owner lives in Hartley County. Would 'tax situs' be in Dallam County and should the vehicles be licensed in Dallam County?

"3. A farmer lives in Dallam County but owns and/or operates farms in both Dallam and Hartley Counties. He has considerable farm equipment and moves it from one county to the other as needed. In which county should his equipment be rendered? Should all his pickups and trucks be licensed and rendered in Dallam County or should they be prorated between the two counties."

Inasmuch as Question No. 1 involves two parts, namely registration and situs of tangible personal property for ad valorem tax purposes, for the sake of clarity, each aspect will be considered separately.

The first aspect involving the proper place for registration of trucks owned by a resident of Hartley County and used in his business located in Dallam County is governed by Article 6755a-2 Vernon's Civil Statutes which states as follows:

"Every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the public highways of this state shall apply each year to the State Highway Department through the County Tax Collector of the county in which he resides for the registration of each such vehicle owned or controlled by him for the ensuing or current calendar year or unexpired portion thereof. . . ."
(Emphasis added)

In the case of Opp v. State, 94 S.W. 2d 180 (Tex. Crim. 1936) the Court said:

"The only question involved is whether owners of cars residing in this state may operate them under number plates and license obtained as a result of registration of such cars in a county other than the owner's residence. We think the law requires registration of the car in the county of residence. . . . We note that in two cases our Courts of Civil Appeals have held that

cars may only be registered in the county of the
owner's residence. See Miller et al. v. Foard
County et al., 59 S.W. (2d) 277, and Cass County
v. Morris County, 9 S.W. (2d) 373." (Emphasis added)

You are advised that an individual is required to register
his motor vehicles in the county of his residence regardless of
where he conducts his business because his residence is his
legal domicile. This conclusion follows the holding of Attorney
General Opinion No. 0-2050.

This matter has been determined in Attorney General Opinion
No. 0-1023 wherein this office stated:

"The above Article (Article 6755a-2) fixes
situs of registration as the county in which he
resides. . . ."

This office has heretofore held in Attorney General Opinion
No. 0-2229, that a person registering his automobile in a county
other than that of his residence will be guilty of violating
Article 804 of the Penal Code when he operates the same upon the
public highways of this state under such registration.

In Attorney General Opinion No. 0-370 this office held that
the county tax assessor and collector not only exceeds his author-
ity, but commits an illegal act if he receives a license fee for
registration from an owner of a vehicle who has a legal residence
in another county.

Therefore, it appears to be a well settled rule of law by
virtue of cases and opinions from this office that the county of
the owner's residence is the only place to register the trucks
used in his business.

In determining the answer to the second part of Question
No. 1, which involves the situs of tangible personal property
for ad valorem tax purposes, one must consider the governing
statutes and case law.

The provisions under which the trucks are to be taxed are
found in Article VIII, Section 11 of the Texas Constitution and
Article 7153, Vernon's Civil Statutes.

Article VIII, Section 11 of the Texas Constitution provides:

"All property, whether owned by persons or corporations shall be assessed for taxation, and the taxes paid in the county where situated. . . ."

Article 7153 provides:

"All property, real and personal, except such as is required to be listed and assessed otherwise, shall be listed and assessed in the county where it is situated; and all personal property, subject to taxation and temporarily removed from the State or county, shall be listed and assessed in the county of the residence of the owner thereof, or in the county where the principal office of such owner is situated. . . ."

We have found no cases which are squarely determinative of the question under consideration; however, we have found some authorities which we deem relevant to a determination thereof.

In Attorney General Opinion No. V-373, the following statements were made:

"'The common law maxim of "mobilia sequuntur personam" (movables follow the person), that is, that personal property has its legal situs for taxation pruposes at the place of the owners domicile, is the general rule in Texas. Although the Constitution of Texas (Art. VIII, Sec. 11) provides that "all property, whether owned by persons or corporations shall be assessed for taxation, and taxes paid in the county where situated," it has been held by the Supreme Court of Texas that this provision is no more than a declaration of the common law rule in that "since it has reference to the taxing power, it evidently meant property where situated for the purposes of taxation under the general principles of law as then understood." City of Fort Worth v. Southland Greyhound Lines, 67 S.W.2d 361; G. C. & S. F. Ry. Co. v. City of Dallas, 16 S.W.2d 292; Great Southern Life Ins. Co. v. City of Austin, 243 S.W. 778; City of Galveston v. Haden, 214 S.W. 766; Ferris v. Kimble, 12 S.W. 689. This interpretation is said also to apply to Article 7153, Revised Civil Statutes of

Texas, as amended, enacted pursuant to the above constitutional provision (See cases supra, . . .'"

See also City of Amarillo v. Carter, 380 S.W.2d 177 (Tex.Civ.App. 1964) and Sanford Independent School Dist. v. H. B. Zachry Co., 393 S.W.2d 402 (Tex.Civ.App., error ref., n.r.e. 1965).

In discussing the doctrine of "mobilia sequuntur personam" the Court in State v. Crown Central Petroleum Corp., 242 S.W.2d 457 (Tex.Civ.App. 1951, error ref.) at page 461 quoted the following with approval from Cooley on Taxation, 4th Ed. Vol. 2, § 440:

"'. . . So far as applied to taxation, it merely means that the situs of personal property for purposes of taxation is the domicile of the owner unless (1) there is a statute to the contrary, or (2) the property is tangible and has acquired an actual situs of its own in a state or place other than where the owner is domiciled, . . .'"

The Crown Central case, supra, cites State v. Fidelity & Deposit Co. of Maryland, 80 S.W. 544 (Tex.Civ.App. 1904 error ref.) for the proposition that:

"One exception to the rule that tangible personal property is only taxable in the county of the residence of the owner is, that tangible personal property which by its character and concrete form is capable of having a value and an actual physical situs, may be taxed in the county where permanently located." (Emphasis added)

In Great Southern Life Ins. Co. v. City of Austin, 112 Tex. 1, 243 S.W. 778, 781 (1922), is stated:

". . . It is true that the actual situs of certain classes of visible and tangible personal property, . . . may have a situs for taxation where they are permanently kept separate and apart from the domicile of the owner. . . ." (Emphasis added)

In discussing the concept of permanency, the Dallas Court of Civil Appeals, City of Dallas v. Overton, 363 S.W. 2d 821 (Tex.Civ. App. 1962, error ref., n.r.e.) at page 825 quotes the following from 110 A.L.R. pgs. 707,717:

"'The courts are all agreed that before tangible personal property may be taxed in a state other than its owner's domicile, it must acquire there a location more or less permanent. It is difficult to define the idea of permanency that this rule connotes. It is clear that "permanency," as used in the connection, does not convey the idea of the characteristics of the permanency of real estate. It merely involves the concept of being associated with the general mass of property in the state, as contrasted with a transient status--viz., likelihood of being in one state today and in another tomorrow.'"

Further, in Attorney General Opinion No. 0-3702, this office stated in part:

"The rule of law applicable in Texas is, therefore, that tangible personal property is taxable in the county of the domicile of the owner unless the property has acquired a <u>permanent fixed situs of its own separate and apart from that of the county of the owner's domicile.</u>" (Emphasis added)

Since the second part of Question 1, the first part of Question 2 and the first and second part of Question 3 involve the same principles of law, i.e., the situs of tangible personal property for ad valorem tax purposes, we shall consider them together The facts presented in your opinion request are insufficient in all three situations to enable this office to determine specifically the proper county in which the property should be rendered You are advised that, based upon case law and opinions of this office, tangible personal property has its situs in the county of the owner's residence, unless it has acquired an actual permanent situs apart from the owner. The determination of the controlling facts must in each instance be determined by the proper taxing authorities.

The second part of Question 2 and the third part of Question 3 regarding registration of vehicles is governed by the answer to the first part of Question 1. You are, therefore, advised that the proper place for the registration of vehicles, includin the pickups and trucks, is in the county of the owner's domicile.

## S U M M A R Y

Vehicles owned by an individual must be registered under Article 6755a-2 in the county of the owner's domicile. The situs of tangible personal property for ad valorem taxation purposes is in the county where the owner resides unless it has acquired an actual permanent situs apart from the owner.

Very truly yours,

WAGGONER CARR
Attorney General

By Terry Reed Goodman

Terry Reed Goodman
Assistant

TRG/rm

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Gordon Cass
W. E. Allen
Marietta Payne
Douglas Chilton

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright